718 So.2d 1274 (1998)
Christopher DANIELS a/k/a Chris Patrick Daniels, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00459.
District Court of Appeal of Florida, Second District.
October 14, 1998.
*1275 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Christopher Daniels appeals his conviction for felon in possession of a firearm. Because we conclude that the State failed to prove possession of the firearm, we reverse.
Daniels was charged with driving under the influence, carrying a concealed weapon, and possession of a firearm by a felon. The last charge was severed and tried separately, on the same day but with a different jury. In the first trial, the court dismissed the concealed weapon charge after finding that the State failed to prove actual or constructive possession of the weapon by Daniels. The trial court's finding resulted from the testimony that there was a passenger in the car with Daniels when the car was stopped, and that the passenger was alone in the car while Daniels was being handcuffed. The gun was found wrapped in a blue handkerchief and was not readily visible to the officer. Daniels testified in both trials and denied any knowledge of the gun.
In the second trial, on virtually the same evidence, the trial court denied the motion for judgment of acquittal and submitted the felon in possession charge to the jury. We conclude this was error. The State must prove that Daniels was in actual or constructive possession of the firearm to prove a violation of section 790.23, Florida Statutes (1995). See Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988). "Knowledge of the presence of a firearm within a vehicle cannot be presumed from joint possession of the vehicle." Smith v. State, 687 So.2d 875, 878 (Fla. 2d DCA 1997) (reversing conviction for carrying concealed firearm in the absence of evidence showing Smith's actual knowledge of the gun or her incriminating statements or other circumstances from which the jury could reasonably infer actual knowledge) (citing Green v. State, 586 So.2d 86 (Fla. 2d DCA 1991)). Because the State failed to adduce any evidence showing Daniels' actual knowledge of the gun or other circumstances from which the jury could permissibly infer knowledge, we reverse. Based on our disposition on this issue, we have not reviewed the claimed error in jury selection.
Reversed.
CAMPBELL, A.C.J., and CASANUEVA, J., concur.