733 So.2d 564 (1999)
Roger WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01082.
District Court of Appeal of Florida, Second District.
April 30, 1999.
Richard J. D'Amico, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Roger Walker appeals his convictions of carrying a concealed weapon and burglary. He contends that the trial court erred in denying his motions for judgment of acquittal as to these charges. We affirm Walker's conviction for burglary without discussion. However, we reverse his conviction for carrying a concealed weapon.
On the day in question, Walker was driving a car owned by Michael Gibbs, his codefendant. Gibbs was in the front passenger seat. When police stopped the car, Walker got out of the car and met Officer Seeley between the vehicles. Officer Jordan arrived and began to interview Gibbs, who was still in the car. When Gibbs opened the glove compartment, Officer Jordan noticed a gun in the glove compartment. Officer Jordan did not see any other guns in the car, and Officer Seeley did not observe any guns in the car.
Officer Jordan ordered Gibbs to put his hands up. However, Gibbs moved to the driver's seat and attempted to drive away. While both officers were attempting to stop Gibbs, Walker fled the scene. Officer Jordan ran after Walker. When Gibbs drove away, Officer Seeley was dragged by the car as he attempted to shift the gear to park. The car was later found about one-fourth of a mile away from the scene. When police searched the car, they found the gun in the glove compartment, a rifle between the passenger's seat and the passenger's door, and a semi automatic on the driver's seat. No latent fingerprints were found on the guns.
Walker argues that the State did not prove that he had constructive possession of the guns. We agree. Constructive possession exists where an accused knows the contraband is within his presence, has the ability to maintain control over it, and knows of its illicit nature. See Williams v. State, 724 So.2d 1214 (Fla. 4th DCA 1998). In Williams, the defendant was the driver of a car being pursued by police. After the car stopped, all three occupants fled. A firearm was later found on the driver's seat. No fingerprints were found on the gun. The Fourth District reversed the defendant's conviction for possession of a firearm by a convicted felon, holding that the circumstantial evidence was not inconsistent with a passenger having placed the gun on the seat when they fled. See 724 *565 So.2d at 1215. See also Bailey v. State, 442 So.2d 385 (Fla. 2d DCA 1983).
In Daniels v. State, 718 So.2d 1274 (Fla. 2d DCA 1998), the defendant was driving a car when it was stopped by police. While the defendant was being handcuffed, a passenger was alone in the car. Police subsequently found a gun in the car that was not readily visible. This court reversed the defendant's conviction for felon in possession of a firearm, holding that the State did not show that the defendant had actual knowledge of the gun or other circumstances from which the jury could possibly infer knowledge. See 718 So.2d at 1275. See also Green v. State, 586 So.2d 86 (Fla. 2d DCA 1991) (holding that there was insufficient evidence to establish that defendant had knowledge of firearm in close proximity to him, when he was driving the car for the car's owner, who was a passenger).
In the present case, there was no evidence that Walker had actual knowledge of the guns, and there were no other circumstances from which the jury could possibly infer knowledge. See Daniels. Further, the circumstantial evidence was not inconsistent with Gibbs having placed the gun on the driver's seat after Walker got out of the car. Accordingly, Walker's conviction for carrying a concealed weapon is reversed.
Affirmed in part; reversed in part.
BLUE, A.C.J., and CASANUEVA, J., Concur.