778 So.2d 325 (2000)
Clifton GREEN, III, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4211.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Rehearing Denied March 19, 2001.
*326 Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, and Raul Perez Ballaga and William C. Diaz-Rousselot, Certified Legal Interns, Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The Defendant appeals his convictions and sentences for possession of cocaine and sale or delivery of a controlled substance within one thousand feet of a school. We affirm all issues and write only to address the Defendant's contention that the trial court erred in imposing a mandatory minimum sentence pursuant to section 893.13(1)(c), Florida Statutes (1999).
The Defendant was charged with violating section 893.13, which prohibits, in part, a person from selling or delivering a controlled substance within one thousand feet of a school. See § 893.13(1)(a) & (c), Fla. Stat. (1999). At trial, the Defendant specifically stated he did not want the jury to consider the lesser included offense of sale of cocaine. Therefore, the verdict form submitted to the jury read as follows:
WE, the jury, find the Defendant, Clifton Green, as to Count I:
(select only one)
() Guilty of Sale of Cocaine Near a School as charged in the information.
() Not Guilty
As to Count II:
(select only one)
() Guilty of Possession of Cocaine as charged in the information.
() Not Guilty
The jury found the Defendant guilty as charged on both counts. Pursuant to section 893.13(1)(c)1, the trial court imposed the three year mandatory minimum sentence for selling a controlled substance within one thousand feet of a school. See § 893.13(1)(c)1, Fla.Stat. (1999).
The Defendant argues that the trial court erred in imposing a mandatory minimum sentence because the jury verdict form fails to contain a specific finding that *327 he sold cocaine within one thousand feet of a school. He relies upon a line of cases interpreting section 775.087, Florida Statutes, which deals with the reclassification and minimum sentence imposition for crimes involving the possession or use of a weapon or firearm. In those cases, the rule is that before the trial court enhances a defendant's sentence or applies the mandatory minimum sentence for the use of a firearm, the jury must find that the defendant committed the crime while using a firearm either by finding him guilty of a crime involving a firearm or by answering a specific question on a verdict form. See Tucker v. State, 726 So.2d 768 (Fla.1999); State v. Hargrove, 694 So.2d 729 (Fla. 1997); State v. Tripp, 642 So.2d 728 (Fla. 1994); State v. Overfelt, 457 So.2d 1385 (Fla.1984). In applying this rule, the Florida Supreme Court has held that a jury's verdict that the defendant is guilty of "charges made against him in the Information" is insufficient to establish that a weapon was used, even if the information alleges that the defendant used a weapon during commission of the crime. See Tripp, 642 So.2d at 730. But see Johnson v. State, 720 So.2d 232, 237 (Fla.1998) (stating that in convicting the defendant as charged, the jury necessarily found that he had possessed a firearm during the commission of the crimes).
The Defendant focuses on State v. Estevez, 753 So.2d 1 (Fla.1999), a drug case that relied in part on the firearm cases. In Estevez, the information charged the defendant with trafficking in cocaine in excess of four hundred grams, in violation of section 893.135. See id. at 2. Section 893.135 also provided for different penalties depending upon the amount of cocaine trafficked; one of the provisions provided for a mandatory minimum sentence of fifteen years if the amount of cocaine involved exceeded four hundred grams. See id. The verdict form submitted to the jury contained a space for the jury to indicate it found the defendant "guilty of trafficking in cocaine as charged in the information, and alternatively, a space for the jury to indicate that it found the defendant not guilty of that charge." Id. "In addition, the form contained a line where the jury could indicate that `the defendant is guilty of cocaine trafficking,' followed by several specific categories as to the amount of cocaine involved and a space next to each for the jury to indicate its finding as to the amount." Id. When the jury returned the verdict form, it had checked off that the defendant was guilty of trafficking in cocaine as charged in the information, but it did not check the amount of cocaine involved. See id. Nonetheless, the trial court sentenced the defendant to serve a fifteen year mandatory minimum term for trafficking in cocaine in excess of four hundred grams. See id. at 3. The Third District reversed the sentence, determining that under State v. Overfelt, the mandatory minimum sentence was improper because "it could not determine whether the. jury had exercised its inherent power to pardon the defendant by failing to make a specific finding as to the amount of cocaine." Id.
On appeal to the Florida Supreme Court, the State argued that when, as in this case, "the evidence as to quantity is uncontroverted, the jury should not be allowed to `pardon' the defendant by failing to make a specific finding as to the amount of cocaine involved." Id. at 4. The Florida Supreme Court recognized that it was instructive to look at firearm cases interpreting section 775.087, stating, "In this line of cases, we expressly rejected the proposition that a jury finding as to the presence of a firearm is not required where the evidence on that issue is not controverted at trial." Id.
The Florida Supreme Court also relied upon drug cases that held that the alternative provisions of section 893.135, the provisions which provide for different penalties depending upon the amount of cocaine trafficked, "are lesser included offenses that must be submitted to the jury." Id. at 6. The supreme court reasoned that *328 because those provisions are essentially lesser included offenses, the imposition of a mandatory minimum sentence under section 893.135 is improper when a jury does not determine the specific quantity of cocaine involved. See id. at 3-4. The supreme court continued, "To accept the State's position on this issue would, in essence, impair the jury's inherent power to pardon and, more precisely, its power to find the defendant guilty of one of these lesser offenses. More importantly, it would invade the jury's historical function as fact finder." Id. at 6-7. Thus, the supreme court held "that even in cases where the evidence is uncontroverted, the jury must still expressly determine the amount of cocaine involved before the relevant mandatory minimum sentence under the trafficking statute can be imposed." Id. at 7.
We disagree that the Defendant can rely upon Estevez to argue for a reversal of his sentence because to do so is to take a position contrary to that which he took during trial. The arguments in and rationale behind Estevez hinge upon the premise that the jury must be allowed the opportunity to pardon a defendant by returning a verdict of guilt of a lesser included offense and thus avoid imposition of a mandatory minimum sentence. To apply Estevez to the facts of this case would be to say that the jury should have been allowed to find the Defendant guilty of simple sale of cocaine as a lesser included offense of sale of cocaine within one thousand feet of a school, even though the Defendant specifically refused the instruction on the lesser included offense of sale of cocaine. He should not be allowed to reap the benefit of not submitting lesser included offenses to the jury and, when that strategy fails, complain that the jury was not given the opportunity to consider the lesser included offenses. Accordingly, we reject the inconsistent position the Defendant takes on appeal and hold that Estevez is unavailing to him under the circumstances of this case.
We also find that the circumstances of this case are different from the firearm cases interpreting section 775.087. In those cases, the verdict form either referenced a firearm or it did not. When the verdict form did not reference a firearm, the cases were reversed under the reasoning that there was no indication the jury had made a specific finding that the defendant used or possessed a firearm during the commission of the crime. See Tucker, 726 So.2d at 770; Hargrove, 694 So.2d at 731; Tripp, 642 So.2d at 730; Overfelt, 457 So.2d at 1386. But see Johnson, 720 So.2d at 237.
Here, however, the verdict form specifically referenced the school. Although it undoubtedly would have been preferable for the verdict form to have specifically stated "within one thousand feet of a school" rather than simply "near a school," the information and the jury instructions specifically referenced one thousand feet of a school, and there was evidence the sale of cocaine occurred within one thousand feet of a school. Moreover, the jury was given the choice of either finding the Defendant guilty of selling cocaine "near a school as charged in the information" or finding him not guilty. The jury did not have the option of finding the Defendant guilty of selling cocaine without specifically finding the Defendant sold it within one thousand feet of a school. Under these unique circumstances, the record contains sufficient indication that the jury specifically found the Defendant sold cocaine within one thousand feet of a school. Accordingly, the trial court did not err in imposing the mandatory minimum sentence under section 893.13(1)(c)1.
AFFIRMED.
GUNTHER, STONE and POLEN, JJ., concur.