814 So.2d 1133 (2002)
Joseph BUNDRAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1747.
District Court of Appeal of Florida, Second District.
April 5, 2002.
*1134 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Joseph Bundrage appeals his convictions and sentences for possession of a firearm by a convicted felon and improper exhibition of a dangerous weapon. We affirm the convictions without discussion, but reverse the three-year mandatory sentence imposed for possession of a firearm by a convicted felon and remand for resentencing.
Bundrage was found guilty after a jury trial of possession of a firearm by a felon, contrary to section 790.23, Florida Statutes (1999). At sentencing, the trial court imposed a three-year minimum mandatory sentence for the charge under the sentencing provision in section 775.087(2)(a)(1), Florida Statutes (1999).
Section 790.23(1)(a) states, in part, that it is unlawful for a convicted felon to "own or to have in his or her care, custody, possession, or control" any firearm. Section 790.23(3) provides that any person who violates this section commits a felony of the second degree, punishable under sections 775.082 (term of imprisonment not exceeding fifteen years for second-degree felony), 775.083 (providing for fines), or 775.084 (sentencing provisions for violent career criminals, habitual and violent felony offenders, and three-time felony offenders).
Bundrage was sentenced pursuant to section 775.087, which is titled "Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence." Section 775.087(2)(a)(1) provides for a minimum mandatory sentence for any person who actually possesses a firearm during the commission of certain offenses, including possession of a firearm by a felon.
Bundrage argues that the trial court erred by imposing the three-year minimum mandatory sentence. He asserts that sections 775.087(2)(a)(1) and 790.23 either set forth separate crimes, in which case he was convicted of a crime not charged, or they provide different punishments for the same crime, in which case the statutes are ambiguous because the sentencing provisions in the two statutes conflict. If the statutes are ambiguous, Bundrage asserts that under the rule of lenity, the trial court was required to impose the sentence most favorable to him, which would be a sentence under the criminal punishment code, as provided for in sections 790.23 and 775.082.
We interpret section 775.087(2)(a)(1) to be a sentencing enhancement statute, not a statute prescribing a new offense. The statute enhances the sentence of a defendant who "actually possessed" a firearm during the commission of the crime. Possession of a firearm by a convicted felon can be proven either by an actual or a constructive possession theory. See Daniels v. State, 718 So.2d 1274 (Fla. 2d DCA 1998); Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988). Thus, in order to apply the enhancement provision of section 775.087(2)(a)(1), the State must prove actual possession. And, pursuant to the supreme court's decision in State v. Overfelt, 457 So.2d 1385 (Fla.1984), the determination would require a jury finding.
*1135 In the present case, there is no indication on the verdict form that would distinguish the possession as being actual, rather than constructive. The jury found Bundrage "guilty of possession of a firearm by a convicted felon, as charged in the information." The information charged that Bundrage did "knowingly own or be in the care, custody, possession, or control of a firearm, contrary to Florida Statute 790.23." The information did not make reference to section 775.087,[1] and the language used to charge Bundrage could support a constructive possession theory. Even if the facts presented to the jury would only support an actual possession theory, the supreme court's decision in Overfelt and its progeny require a jury finding of actual possession to justify imposition of the three-year minimum mandatory sentence. See Tucker v. State, 726 So.2d 768 (Fla.1999); State v. Hargrove, 694 So.2d 729 (Fla.1997); State v. Tripp, 642 So.2d 728 (Fla.1994).
Because, the jury verdict did not specifically incorporate a finding of actual possession needed to sustain the imposition of the minimum mandatory, we reverse the three-year minimum mandatory sentence and remand for imposition of a sentence under the criminal punishment code.
Reversed and remanded for resentencing.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] An information does not have to refer to section 775.087 for the enhancement to apply, see Bryant v. State, 386 So.2d 237 (Fla.1980), as long as it alleges the use of a firearm, see Staton v. State, 636 So.2d 844 (Fla. 5th DCA 1994). See also Matthews v. State, 774 So.2d 1 (Fla. 2d DCA) (en banc) (holding that sentence enhancement for crimes committed against law enforcement officers may be applied when information charges qualifying offense; information does not need to recite enhancement statute), review denied, 779 So.2d 272 (Fla.2000).