832 So.2d 260 (2002)
Kenneth PITTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3949.
District Court of Appeal of Florida, Second District.
December 11, 2002.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Kenneth Pitts appeals the three-year minimum mandatory sentence imposed under section 775.087(2)(a)(1), Florida Statutes (2000), following his conviction for possession of a firearm by a convicted felon. Pitts claims that the trial court could not impose the minimum mandatory because he had not been charged with possession of a firearm by a felon under section 775.087(2)(a), but rather, he was charged with possession of a firearm by a convicted felon under section 790.23, Florida Statutes (2000). He argues that the two statutes either penalize different crimes and he could only be sentenced for the charged offense, or they penalize the same offense and the rule of lenity requires the minimum mandatory not be imposed.
In Bundrage v. State, 814 So.2d 1133, 1134 (Fla. 2d DCA 2002), this court rejected the same arguments and concluded that section 775.087(2)(a)(1) is a sentencing enhancement statute and does not create a new offense. Bundrage noted that a defendant does not have to be charged under section 775.087(2)(a)(1) in order for the enhancement to apply. Id. at 1135 n. 1.
However, the jury did not make a finding that Pitts actually possessed, as opposed to constructively possessed, a firearm. Such a finding is necessary under section 775.087(2)(a)(1) for application of the enhancement. See Bundrage, 814 So.2d at 1135. Accordingly, we reverse and remand for resentencing without application of the three-year minimum mandatory under section 775.087(2)(a)(1).
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.