851 So.2d 798 (2003)
J.D. IRONS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4728.
District Court of Appeal of Florida, Second District.
July 25, 2003.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
J.D. Irons appeals the three-year minimum mandatory sentence imposed for possession of a firearm by a convicted felon. We reverse and remand for correction of the sentence.
For possession of a firearm by a convicted felon, section 790.23, Florida Statutes (1999), the trial court sentenced Irons to three years in state prison as a habitual felony offender under section 775.084, Florida Statutes (1999). The trial court also imposed a three-year minimum mandatory sentence enhancement pursuant to section 775.087(2)(a)(1)(r). Irons contends that the three-year minimum mandatory provision of the sentence was illegal because he was in constructive, not actual, possession of the firearm. The information filed by the State did not specifically charge Irons with being in actual possession of a firearm. Moreover, no proof was presented to the trial court that Irons was in actual possession of a firearm. Therefore, *799 imposition of the three-year minimum mandatory sentence was error. See Bundrage v. State, 814 So.2d 1133, 1134 (Fla. 2d DCA 2002) (holding that although the underlying offense of possession of a firearm by a convicted felon may be proved by either actual or constructive possession, the minimum mandatory sentence of section 775.087(2)(a)(1)(r) may be imposed only upon a finding of actual possession). With commendable candor, the State concedes error on this point.
The State also suggests that under the circumstances of this particular case, Irons should be granted the relief he requests, which is remand with instructions for the trial court to strike the three-year minimum mandatory sentence under section 775.087(2)(a)(1)(r), leaving the remainder of the sentence undisturbed. We agree. Irons does not need to be present for this correction of sentence. See Windisch v. State, 709 So.2d 606, 607 (Fla. 2d DCA 1998).
Conviction affirmed; minimum mandatory sentence reversed, remanded to strike minimum mandatory sentence.
ALTENBERND, C.J., and FULMER and WALLACE, JJ., concur.