868 So.2d 1242 (2004)
Ricardo JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1885.
District Court of Appeal of Florida, Fourth District.
March 24, 2004.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for Appellee.
*1243 STEVENSON, J.
Appellant, Ricardo James, was tried by jury and convicted of the aggravated battery of Edna Beard on January 7, 2000 (count I); shooting into the occupied dwelling of Edna Beard on February 26, 2000 (count II); the aggravated assault of Edward Beard on February 26, 2000 (count III); and possession of a firearm by a convicted felon on February 26, 2000 (count IV). James was sentenced to sixty-five years in prison. On appeal, he challenges his convictions on the basis that the trial court improperly allowed the State to reveal to the jury that one of his four prior felony convictions was a drug offense. James also challenges his sentence on various grounds, including the argument that he was improperly sentenced on count IV under section 775.087, Florida Statutes (2000), the so-called 10/20/Life statute. We find the erroneous introduction of the evidence harmless in this case and affirm the conviction, but we reverse the sentence in part and remand for re-sentencing. We write only to discuss the sentencing issues.

Procedural background
At the original sentencing hearing on April 11, 2002, the trial court sentenced James to thirty years on count I as a habitual felony offender; twenty years on count II under the 10/20/Life statute; twenty years on count III with a minimum mandatory of twenty years under the 10/20/Life statute; and twenty years on count IV.[1] Count I was to run consecutive to counts II, III and IV; and counts II, III and IV were to run concurrent with each other. In total, appellant was sentenced to fifty years incarceration.
On February 14, 2003, James's appellate counsel filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the twenty-year sentences imposed on counts II and IV were illegal and in excess of the fifteen-year statutory maximum for second degree felonies. As to count II, James argued that the 10/20/Life statute did not apply because shooting into an occupied dwelling is not an enumerated offense. James also maintained that the 10/20/Life statute did not apply to count IV because the jury was not asked whether he possessed the firearm. Additionally, as to count IV, appellant argued that the oral pronouncement of sentence of fifteen years, controlled over the twenty-year written sentence.
At the hearing on the motion to correct sentence, a new prosecutor appeared on behalf of the State. On count II, the State agreed that James should have been sentenced to fifteen years pursuant to section 775.082 because shooting into an occupied dwelling is not a 10/20/Life enumerated offense. As to count IV, the State agreed that the twenty-year sentence was incorrect because the jury did not find that James discharged a firearm. However, the State maintained that the 10/20/Life statute applied to count IV because James was charged with possessing a gun and the jury found him guilty as charged. Therefore, the State argued that, under the 10/20/Life statute, the three-year minimum mandatory should be included within the fifteen-year sentence. Further, the State argued that because count IV fell under the 10/20/Life statute, the court had no discretion and was required to run count IV consecutive to the other counts.
The new prosecutor also told the court that it was mistakenly informed at the initial sentencing hearing that it could not *1244 declare James a habitual offender on count I and least one of the other counts. The State explained that because count I (a January 7, 2000 offense) involved a different criminal episode than counts II, III and IV (all occurring on February 26, 2000), the court could have declared James a habitual offender on both count I and one of the other counts. The court declined the State's request to declare James a habitual offender on counts II or IV because it failed to seek habitual offender treatment for those counts at the original sentencing hearing. The State also pointed out that the court could take into consideration disciplinary reports provided at the hearing regarding James, which were not considered at the initial sentencing hearing.[2]
James agreed that he should be sentenced to fifteen years on count IV, but not under the 10/20/Life statute. James's counsel also argued that count IV could not be sentenced pursuant to the 10/20/Life statute since the jury was not asked to determine whether he actually possessed the firearm. The State then informed the trial judge that if he agreed that count IV triggered the three-year minimum mandatory under the 10/20/Life statute, the sentence was required to run consecutively.
The trial judge remained concerned over whether count IV could run consecutively, stating "[t]he only thing that troubles me, quite candidly, is the issue regarding count four and whether I run that consecutive or not." The court then issued its ruling on re-sentencing, vacating the original sentences on counts II and IV:
[As to count II] I'm going to resentence him and sentence him to 15 years in Florida State Prison to run consecutive to count one and concurrent to three and four.[3]As to count four, I'm going to resentence him to 15 years in Florida State Prison with a three year minimum mandatory under the 10, 20, life statute. And that is going to run consecutive to all other counts based upon 775.087 and the argument made by the State. The sentencing as to one and three will remain in full force and effect. (emphasis added).
Thus, after the trial judge ruled on James's motion to correct sentence, count IV was now running consecutive to count II and James's total period of incarceration rose from fifty years to sixty-five years.

Discussion
James argues that in his motion to correct sentence, he merely sought to have the sentences on counts II and IV corrected to fifteen years on each count instead of twenty. James maintains that the trial judge correctly reduced the sentences from twenty to fifteen years as requested, but erred in classifying count IV as a 10/20/Life offense. Additionally, James argues that the trial court violated North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), as qualified by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), in restructuring the concurrent/consecutive relationship between counts II, III and IV, thereby making his sentence harsher by adding an additional fifteen years to the original sentence.
We find that James was improperly sentenced under the 10/20/Life statute as to count IV. Count IV of the information charged James with possession of a *1245 firearm by a convicted felon contrary to sections 790.23 and 775.087, Florida Statutes (2000). We agree with the holding in Bundrage v. State, 814 So.2d 1133, 1134 (Fla. 2d DCA 2002), where the court stated:
We interpret section 775.087(2)(a)(1) to be a sentencing enhancement statute, not a statute prescribing a new offense. The statute enhances the sentence of a defendant who "actually possessed" a firearm during the commission of the crime. Possession of a firearm by a convicted felon can be proven either by an actual or a constructive possession theory. See Daniels v. State, 718 So.2d 1274 (Fla. 2d DCA 1998); Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988). Thus, in order to apply the enhancement provision of section 775.087(2)(a)(1), the State must prove actual possession. And, pursuant to the supreme court's decision in State v. Overfelt, 457 So.2d 1385 (Fla.1984), the determination would require a jury finding.
In Bundrage, the court reversed the three-year mandatory minimum sentence that was imposed for possession of a firearm by a convicted felon, stating that
[T]here is no indication on the verdict form that would distinguish the possession as being actual, rather than constructive. The jury found Bundrage "guilty of possession of a firearm by a convicted felon, as charged in the information."... Even if the facts presented to the jury would only support an actual possession theory, the supreme court's decision in Overfelt and its progeny require a jury finding of actual possession to justify imposition of the three-year minimum mandatory sentence. See Tucker v. State, 726 So.2d 768 (Fla.1999); State v. Hargrove, 694 So.2d 729 (Fla.1997); State v. Tripp, 642 So.2d 728 (Fla.1994).
814 So.2d at 1135 (citations and footnote omitted)(emphasis added).
The instant case is similar to Bundrage. The jury found James guilty of count IV, stating "[t]he Defendant is Guilty of Possession of a firearm by a Convicted Felon as charged in the Information." The information did not use the words "actually" possess in the charge, and the verdict form on count IV did not have a special finding that James "actually possessed" the weapon during the commission of these crimes.[4] Indeed, under section 790.23, a convicted felon may be convicted for possession of a firearm even if he merely owns the firearm or it is in his care or custody. Thus, the jury's guilty verdict in this case does not equate with a finding that James actually possessed the firearm. Therefore, the trial court's decision to enhance James's sentence under section 775.087(2)(a)1. was improper because the essential requirements of Overfelt and its progeny were not met.
We note that the jury did make separate, specific findings on counts II (shooting into an occupied dwelling) and III (aggravated assault with a firearm) that James "actually possess[ed]" a firearm during the commission of those crimes. Although counts II, III and IV arise out of the same criminal episode, we can find no authority, and the State cites none, that *1246 the jury's findings in regard to the actual possession of a weapon in counts II and III should "spill-over" into count IV. Because count IV is a separate and distinct offense, we believe that such a result would be inconsistent with the reasoning and rationale of Overfelt.
Because the trial judge erred in sentencing James under the 10/20/Life statute on count IV, we must reverse and remand for re-sentencing. The trial judge specifically stated that he was running count IV consecutive because of section 775.087. Indeed, at the hearing on the motion to correct sentence, the trial court was incorrectly informed that he was required to run count IV consecutive to counts II and III pursuant to the 10/20/Life statute. However, even if sentencing under the 10/20/Life statute had been proper, section 775.087(2)(d)'s directive regarding consecutive sentences would have had no application to this case, and the court would have been free to run count IV concurrently or consecutively to any of the other counts involved in this single prosecution. See Arutyunyan v. State, 863 So.2d 410 (Fla. 4th DCA 2003); Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002).
We need not decide if the current sentence violates the restrictions of Pearce since on remand the trial judge will need to make a new determination as to whether to run count IV consecutive to counts II and III. Accordingly, on remand, the trial court has the discretion, but is not required, to run the sentence under count IV consecutive to counts II and III. "`A trial court can legally restructure a defendant's sentences by changing concurrent terms to consecutive terms, as long as the new sentence is not found to be vindictive.'" Richardson v. State, 821 So.2d 428, 431 (Fla. 5th DCA 2002)(quoting Buchanan v. State, 781 So.2d 449, 450 (Fla. 5th DCA 2001)).
We note that in cases where the defendant has filed a motion to correct illegal sentence and subsequently challenged re-sentencing on the basis that a harsher sentence was imposed, Florida courts have found the Pearce presumption of vindictiveness applicable, unless there was some "independent legal basis or identifiable conduct" on the defendant's part, other than the filing of the motion. See, e.g., Richardson, 821 So.2d at 431; see also Blackshear v. State, 531 So.2d 956 (Fla. 1988); Everett v. State, 824 So.2d 211 (Fla. 1st DCA 2002). If, on remand, the trial court exercises its discretion to run count IV consecutive to counts II or III, it may do so only with independent legal justification.
Affirmed in part, reversed in part, and remanded.
STONE and WARNER, JJ., concur.
NOTES
[1] The court did not make a specific finding whether the sentence for count IV was pursuant to the 10/20/Life statute, although the information cited Florida Statute section 775.087.
[2] The disciplinary reports were not made a part of the record.
[3] Later, during the hearing, the trial judge clarified that count II would actually run consecutive to count IV.
[4] Count IV of the Information reads in part:

RICARDO RICHARD JAMES on the 26th day of February, A.D.2000,... having previously been convicted on January 10, 1996, of the felony crime of Delivery of Cocaine, in the Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida, did then and there unlawfully own or have in his possession a firearm, contrary to F.S. 790.23 and F.S. 775.087 .... (emphasis in original).