CASANUEVA, Judge.
Clyde Alfonso Washington was tried before the bench for possession of cocaine and possession of a firearm by a convicted felon. The trial court found him guilty of both crimes and, further, that he actually possessed the firearm. Based on this finding, the trial court imposed a minimum mandatory sentence of three years pursu *1243 ant to the 10/20/Life statute, section 775.087(2)(a)l, Florida Statutes (2002). See Bundrage v. State, 814 So.2d 1133 (Fla. 2d DCA 2002). We affirm in part and reverse in part.
Although Mr. Washington’s possession of the firearm may be termed “actual,” it was not found on his person. Rather, it was found in his bedroom closet during the execution of a search warrant. Mr. Washington, although admitting later that he had put the firearm there several weeks earlier, was standing outside his home when the police officers arrived with the search warrant, and he remained there during the ensuing search. We agree with our sister court in Johnson v. State, 855 So.2d 218, 222 (Fla. 5th DCA 2003), that the proper construction of the 10/20/Life statute requires that the firearm be carried on the person before the minimum mandatory term is applicable. The State has properly conceded this error in Mr. Washington’s sentencing.
We affirm the convictions and overall sentence, reverse the minimum mandatory portion of the sentence, and remand for the trial court to strike the minimum mandatory designation. Mr. Washington need not be present when the trial court corrects the sentencing documents. See Irons v. State, 851 So.2d 798 (Fla. 2d DCA 2003).
WHATLEY and SALCINES, JJ., Concur.