899 So.2d 455 (2005)
Michael BLANC, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1270.
District Court of Appeal of Florida, Fourth District.
April 6, 2005.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal arises from a March 14, 2003 sentence of life in prison with a fifteen-year mandatory minimum on the first count, conspiracy to commit armed trafficking in cocaine, and a concurrent sentence of fifteen years on the second count, conspiracy to commit armed robbery. Because the enhanced penalty under section 775.087(1), Florida Statutes, should not have been applied to Blanc's sentencing, we reverse the sentence and remand this case to the trial court for re-sentencing.
Blanc was charged by information with the above-stated crimes. He pled guilty in exchange for entering into a substantial assistance agreement with the state. See § 893.135(4), Fla. Stat. Sentencing was postponed and Blanc was released on bond. Blanc was instructed as to the ground rules for rendering substantial assistance and was told that he could not be involved in any illegal activity whatsoever.
Although Blanc did provide assistance to both the state and federal governments, he also became re-involved in drug trafficking. Investigators learned that Blanc arranged to travel from Orlando to Dade County to facilitate a multi-kilogram purchase of narcotics with two other individuals, outside of his substantial assistance *456 activities. When Blanc arrived in Dade County, the police began surveillance. Blanc was involved in a shooting in a hotel room where the transaction was supposed to take place and he was arrested a short time later by Miami-Dade police.
The next day, Blanc gave Hollywood Police Detective Richard Eadie a full statement as to his involvement. Blanc stated that he was the driver and that he was outside in the car when the shooting occurred. Blanc, along with two others, was charged with felony murder.
The trial court held a hearing on Blanc's violation of his substantial assistance agreement and sentencing. The trial court advised Blanc that despite any assistance he had provided, he violated his substantial assistance agreement by committing a criminal offense. The trial court accepted Blanc's previously tendered guilty plea and sentenced him to life in prison with a fifteen-year mandatory minimum on the first count and a concurrent sentence of fifteen years on the second count. This appeal ensued.
Following the notice of appeal but prior to filing the initial brief in this cause, Blanc filed a motion to correct sentencing error in the trial court, contesting the legality of the life sentence imposed for Count I. The trial court denied the motion. Blanc argues that the trial court erred in imposing an enhanced sentence of life imprisonment under section 775.087(1), Florida Statutes, where he was convicted of conspiracy to commit trafficking in cocaine with a firearm. We agree and reverse.
Pursuant to sections 893.135(1)(b)1.c. and 893.135(5), Florida Statutes, any person who has actual or constructive possession or conspires to have in his actual or constructive possession cocaine in the amount of 28 grams or more, but less than 150 kilograms, commits a felony of the first degree known as "trafficking in cocaine." The applicable statute in Blanc's casewhere the amount of cocaine is 400 grams or more, but less that 150 kilogramsis section 893.135(1)(b)1.c., Florida Statutes, which provides for a minimum mandatory sentence of fifteen years and a $250,000 fine. A first degree felony is punishable by a term of imprisonment not exceeding thirty years, unless specifically provided otherwise by statute. § 775.082(3)(b), Fla. Stat. The state successfully sought to enhance the penalty from a first degree felony to a life felony under the authority of section 775.087(1), Florida Statutes, which reads in pertinent part:
[W]henever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
In the instant case, the trial court held in its order denying Blanc's 3.800(b) motion "that possession by the codefendants of loaded firearms during the commission of a conspiracy to traffick cocaine was sufficient to enhance the sentence to life." We hold that the life sentence imposed in Count I was contrary to the well-established case law, and was unauthorized under section 775.087(1), rendering it patently illegal.
In State v. Overfelt, 457 So.2d 1385 (Fla.1984), the Florida Supreme Court addressed the issue of whether there must be a specific jury finding that an accused actually possessed a firearm before a trial *457 court can apply the enhancement and mandatory sentencing provisions of section 775.087. The supreme court stated that it agreed with this court that
before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.
Id. at 1387. Additionally, the supreme court held that, for sentence enhancement purposes, the question of whether the accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Id. Moreover, even if an information charges the use of a firearm, a verdict form that simply recites that the defendant is guilty as charged does not support reclassification of the crime under section 775.087(1). Where the defendant enters a plea of guilty, relinquishing his right to a jury trial, he may stipulate in his plea to having actual possession of a firearm, but such was not the case here.
In State v. Rodriguez, 602 So.2d 1270 (Fla.1992), the Florida Supreme Court addressed, as a certified question of great public importance, whether "the enhancement provision of subsection 775.087(1), Florida Statutes (1983), extends to persons who do not actually possess the weapon but who commit an overt act in furtherance of its use by a coperpetrator?", which is almost the precise issue presented in the instant case. Id. at 1271. The supreme court answered the question in the negative, holding that
when a defendant is charged with a felony involving the "use" of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony. In this case, the evidence plainly establishes that Rodriguez did not have personal possession of the rifle during the commission of the felony. We reject the State's contention that Rodriguez's sentence should be enhanced on the theory of constructive or vicarious possession based on the conduct of the codefendant.
Id. at 1272 (emphasis added).
Analogously, in James v. State, 868 So.2d 1242 (Fla. 4th DCA 2004), this court held that the defendant's sentence for possession of a firearm by a felon could not be enhanced under the minimum mandatory sentence provision of section 775.087, which applies to any person who actually possesses a firearm during the commission of certain offenses. This court explained that because the underlying offense in James, possession of a firearm by a convicted felon, could be proven either by an actual or a constructive possession theory, that conviction alone would be insufficient to apply the enhancement provision. Id. at 1245. The state must prove actual possession, which requires a jury finding. Id.; see Overfelt, 457 So.2d at 1387.
In the present case, it is undisputed that Blanc did not actually possess, carry or use, etc., a firearm. The information specifically charged only Blanc's two co-defendants, not Blanc, with carrying, displaying, using, threatening or attempting use of a firearm and the arrest affidavit reflects that Blanc did not have a firearm. Therefore, the enhanced penalty under section 775.087(1) was not applicable to Blanc's sentencing. Based on the foregoing, we reverse the sentence and remand this case *458 to the trial court for re-sentencing in accordance with this opinion.
REVERSED AND REMANDED.
WARNER and HAZOURI, JJ., concur.