STEVENSON, C.J.
Believing Michael Wallace had thrown a Molotov cocktail at a vehicle, the State charged him with attempted second degree arson and making, possessing, throwing, projecting, placing or discharging a destructive device. A jury found Wallace guilty as charged and, in an interrogatory verdict, determined Wallace had “possessed” and “discharged” a destructive device. The so-called 10-20-life statute provides for a ten-year mandatory minimum sentence in the event the defendant possesses a destructive device during the commission of the crime and a twenty-year mandatory minimum in the event the defendant discharges the destructive device during the commission of the crime. § 775.087(2)(a)l.-2., Fla. Stat. (2000). Relying upon the interrogatory verdict, the trial court imposed a twenty-year mandatory minimum sentence.
Wallace appealed the sentence, arguing the evidence could not have allowed the jury to find the destructive device was discharged. This court agreed and remanded the case for resentencing. See Wallace v. State, 860 So.2d 494, 498 (Fla. 4th DCA 2003).
On remand, relying upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), clarified in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Wallace took the position that the 10-20-life statute’s ten-year mandatory minimum for possession of a destructive device was improper because neither the jury instructions nor the verdict itself made a distinction between actual and constructive possession and only actual possession justified imposition of the mandatory minimum. Despite Wallace’s arguments,[1] the trial court im *697 posed the ten-year mandatory minimum, which resulted in the instant appeal.
There is no question that only actual physical possession will support the imposition of the 10-20-life statute’s ten-year mandatory minimum. See § 775.087(2)(a)l., Fla. Stat. (requiring imposition of mandatory minimum where, during commission of enumerated offenses, defendant “actually possessed a ... ‘destructive device’ ”); James v. State, 868 So.2d 1242 (Fla. 4th DCA 2004); Bundrage v. State, 814 So.2d 1133 (Fla. 2d DCA 2002). There is also no question that, here, neither the verdict nor the jury instructions made a distinction between actual possession and constructive possession. The State suggests the verdict’s failure is not fatal because there was no dispute at trial that the possession was “actual.” We disagree since the lack of the specific jury finding required to support imposition of a mandatory minimum sentence is not cured by the fact that the evidence on the issue was undisputed. See Bundrage, 814 So.2d at 1135 (“Even if the facts presented to the jury would only support an actual possession theory, the supreme court’s decision in [State v.] Overfelt [, 457 So.2d 1385 (Fla.1984),] and its progeny require a jury finding of actual possession to justify imposition of the ... minimum mandatory sentence.”); accord James, 868 So.2d at 1245 (quoting this language in Bundrage with approval). And, while the combination of the charging instrument and the language of the verdict can sometimes equate to the necessary factual finding in the absence of an interrogatory verdict,[2] this is not the case here. We thus reverse the ten-year mandatory minimum sentence and remand for resentencing. In so holding, we have considered and reject the State’s claims that, for a number of procedural reasons, the merits of Wallace’s claim are not properly before this court.

Reversed and Remanded.

GUNTHER and TAYLOR, JJ., concur.

. When appearing before the trial court, Wallace raised a number of arguments regarding *697 why the jury had not adequately made a determination that he “actually possessed” a "destructive device” during the commission of the crime. On appeal, Wallace has abandoned all his claims save one — that there was no jury finding of actual possession.

. See, e.g., Tucker v. State, 726 So.2d 768, 771 (Fla.1999); Hunter v. State, 828 So.2d 1038, 1039 (Fla. 1st DCA 2002); Green v. State, 778 So.2d 325 (Fla. 4th DCA 2000).