PER CURIAM.
Johnnie F. Howard appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Howard claims that his aggravated battery conviction was improperly reclassified from a second-degree felony to a first-degree felony on account of the use of a deadly weapon. Howard also claims that his prison releasee reof-fender (PRR) sentence of thirty years in prison is illegal as exceeding the statutory maximum sentence for a second-degree felony.
The jury in its verdict made a finding that Howard’s aggravated battery involved both great bodily harm and the use of a deadly weapon. The information contained these necessary allegations. There was no requirement, as Howard asserts, for the information to contain a citation to the weapons enhancement statute. See Pitts v. State, 832 So.2d 260 (Fla. 2d DCA 2002). The verdict form also shows that the jury could have chosen the lesser included offenses of aggravated battery due to great bodily harm, aggravated battery due to the use of a deadly weapon, or simple battery.
In light of these circumstances, reclassification of Howard’s aggravated battery from a second-degree felony to a first-degree felony by the sentencing judge was both appropriate and mandatory. See Lareau v. State, 573 So.2d 813 (Fla.1991); Collins v. State, 800 So.2d 660 (Fla. 2d DCA 2001).- Consequently, the imposed PRR sentence of thirty years in prison is not illegal as Howard claims. Accordingly, *968 the denial order of the postconviction court is affirmed.
WHATLEY, SALCINES, and KELLY, JJ., Concur.