ALTENBERND, Judge.
 

 Brent Johnson appeals his judgment and sentence for possession of a firearm by a convicted felon, in violation of section 790.23(l)(a), Florida Statutes (2008). He argues that the trial court erred by submitting to the jury, in addition to certified copies of his previous convictions, extensive information about his prior felonies. We agree that the trial court erred in submitting this information, and, in the context of this trial, we cannot conclude that the error was harmless. Accordingly, we reverse and remand for a new trial.
 

 Mr. Johnson was charged with public discharge of a firearm and possession of a firearm by a convicted felon for events that occurred shortly after midnight on July 24, 2008. On that night, a Lakeland police officer was dispatched to a neighborhood to check reports that a gun had been discharged. The officer’s investigation took him to the home of Mr. Johnson’s wife. The officer found dry 9mm casings near the front door on wet grass — causing him to conclude that the casings were from a gun that had recently been discharged.
 

 After knocking on the front door, the officer talked to both Mr. Johnson and his wife. Mrs. Johnson permitted a search of the home, which produced a rusty, but loaded, .357 revolver that had not recently been fired. The officer claimed Mr. Johnson told him that the home was his residence, but at trial Mr. Johnson testified that he was separated from his wife and that he was only visiting at the home to see his children that night. Mr. Johnson told the officer that he had fired a gun three times into the air because he was in fear for the safety of his family due to some event happening in the neighborhood and that he had put the gun in a car that had left the scene before the officer arrived. At trial, Mr. Johnson admitted that he made this statement but claimed it was a lie that he had told the officer in an effort to avoid an arrest for a more serious offense.
 

 Both the attorney for the State and Mr. Johnson’s attorney confronted difficulties at trial that made a relatively simple case more complex. The neighbors who had reported the matter to the police refused to testify. The only eyewitness presented by the State could recall nothing on the stand. At the end of the State’s case, the trial court granted a judgment of acquittal on the charge of public discharge of a firearm because the State had presented no evidence to establish the
 
 corpus delicti
 
 
 *901
 
 of this offense aside from the casings found on the ground.
 

 Although Mr. Johnson did not contest the validity of his prior convictions and in his own testimony acknowledged four prior felonies, his attorney refused to stipulate to his status as a felon at the beginning of trial. To prove Mr. Johnson’s status as a felon, the State first presented testimony to connect Mr. Johnson to three criminal case numbers. Next the State sought to move into evidence State’s Exhibit 2, which included, among other items, certified copies of convictions corresponding to those case numbers. At this point, Mr. Johnson’s attorney offered to stipulate to his status, but the State declined to accept a stipulation.
 

 The transcript reflects a level of understandable frustration by both the assistant state attorney and the trial judge that court time was being spent to establish the prior convictions. After hearing defense counsel’s argument, the court allowed State’s Exhibit 2 into evidence over a defense objection. This exhibit is nearly forty pages in length. Six of those pages are three certified copies of judgments convicting Mr. Johnson of felonies. Those pages were properly admitted in the absence of a stipulation because Mr. Johnson’s status as a convicted felon was a necessary element of the offense of possession of a firearm by a person convicted of a felony.
 
 See
 
 § 790.23(l)(a);
 
 see also State v. Davis,
 
 203 So.2d 160, 162 (Fla.1967).
 

 The remaining documents contained in State’s Exhibit 2 included charging informations, sentences, orders assessing fines and costs, and an affidavit of violation of probation. The charging documents detailed some offenses for which Mr. Johnson had never been convicted. Defense counsel timely objected to State’s Exhibit 2 to the extent that portions of the exhibit were not relevant to the charged offense and were unduly prejudicial. The court declined to redact anything from State’s Exhibit 2 other than Mr. Johnson’s prior misdemeanor convictions. We conclude that the detailed factual information in these documents was irrelevant to prove Mr. Johnson’s status as a felon or to prove any other element of this case.
 
 See, e.g., State v. Harbaugh,
 
 754 So.2d 691, 694 (Fla.2000) (cautioning that the State, in a felony DUI case, “may only submit a certified copy of each judgment in order to evidence a defendant’s prior DUI convictions and shall not develop the facts underlying any such offense unless the defendant contests the validity thereof’).
 

 We have considered whether the introduction of this extraneous information was harmless. We note that the exhibit contained information about an earlier conviction for felon in possession of a firearm as well as other felonies. In this case, the State did not focus on the .357 revolver found in the home; it was not clear from the evidence whether Mr. Johnson lived at the home or had any knowledge or connection to that rusty revolver.
 
 See generally Daniels v. State,
 
 718 So.2d 1274, 1275 (Fla. 2d DCA 1998) (explaining that the State must prove either constructive or actual possession to establish violation of section 790.23). The State instead focused on the 9mm weapon, which was never produced or placed into evidence. The weaknesses in the State’s case were undoubtedly diminished by the improper information in State’s Exhibit 2. Accordingly, we cannot conclude that the inadmissible evidence was harmless and we reverse and remand for a new trial.
 

 Reversed and remanded.
 

 NORTHCUTT and WALLACE, JJ., Concur.