# Third District Court of Appeal
## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-0817 & 3D22-2097
Lower Tribunal Nos. F94-39773 & F94-39774

_____

**Luis Sanchez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Luis Sanchez, in proper person.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and LINDSEY and BOKOR, JJ.

LOGUE, C.J.

Appellant appeals a 2022 order denying his motion to withdraw his guilty plea entered in 1996. In 1996, in two separate lower court cases,

Appellant pled guilty to a series of crimes including grand theft of a motor vehicle, possession of a firearm by a convicted felon, discharging a firearm from a vehicle, tampering with a witness, armed robbery, and aggravated assault. He received numerous sentences including eight concurrent fifteen-year sentences and five concurrent life sentences.

Among the sentences was five-years for grand theft of a vehicle. This sentence included a three-year minimum mandatory condition pursuant to section 775.087(2), Florida Statutes, due to his status as a Habitual Violent Felony Offender. In 2022, after Appellant had completed this sentence but while he was still serving his remaining sentences, Appellant moved to strike the mandatory condition on his sentence for grand theft of a motor vehicle on the grounds that crime was not an offense enumerated in section 775.087(2). The trial court granted his motion and struck the mandatory condition. No other sentence was changed. There was no re-sentencing hearing.

Within 30 days of the order striking the mandatory condition, Appellant filed a motion to withdraw the guilty plea at issue in this appeal. He filed his motion pursuant to Florida Rule of Criminal Procedure 3.170(l) which provides that a "defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a

2

motion to withdraw the plea within thirty days after rendition of the sentence . . . ." The trial court denied the motion.

We find no error in the trial court's denial of the motion. In the first place, the striking of the mandatory condition of a sentence already served for technical reasons while the defendant is serving much longer concurrent sentences is an act ministerial in nature that does not implicate the trial court's broad sentencing discretion. For this reason, the criminal defendant need not be present in court when such a correction is being made at his request. Velez v. State, 988 So. 2d 707, 708 (Fla. 3d DCA 2008); Harris v. State, 12 So. 3d 764, 765 (Fla. 3d DCA 2008); Irons v. State, 851 So. 2d 798, 799 (Fla. 2d DCA 2003). For essentially the same reason, it does not rise to the level of a sentence rendition re-starting the deadlines contained in Rule 3.170(l).

In the second place, according to the Florida Supreme Court, "pursuant to rule 3.170(l), once a sentence has been imposed, a defendant must demonstrate manifest injustice or prejudice in order to withdraw a guilty plea." Altersberger v. State, 216 So. 3d 621, 627 (Fla. 2017). Having reviewed the care and detail in the exchange between the Appellant and the trial court when Appellant pled guilty, we find no manifest injustice in the denial of his request to withdraw his plea twenty-six years later.

Affirmed.