FULMER, Judge.
The State appeals the trial court’s order imposing community control and probation after Willie Register pleaded guilty tp possession of a firearm by a convicted felon. The State argues that the trial court was required to impose a three-year minimum mandatory prison sentence. We reverse.
Under section 775.087(2)(a)(l), Florida Statutes (2000), a felon convicted of possession of a firearm must be sentenced to a three-year minimum mandatory term, but this enhancement applies only in cases of actual, not constructive, possession. See Bundrage v. State, 814 So.2d 1133 (Fla. 2d DCA 2002); see also Cook v. State, 816 So.2d 267 (Fla. 1st DCA 2002); State v. Keen, 782 So.2d 528 (Fla. 1st DCA 2001). The trial court erroneously believed that the minimum mandatory sentence did not apply when a felon was convicted of possession of a firearm only; the trial court thought that there needed to be a separate, additional offense to trigger the enhancement. This interpretation, however, is directly contrary to the plain language of section 775.087(2)(a)(l), which states “that a person who is convicted for aggravated assault, possession of a firearm by a felon, or burglary of a conveyance shall be sentenced to a minimum term of imprisonment if such person possessed a ‘firearm’ or ‘destructive device’ during the commission of the offense.”
Because of the trial court’s erroneous interpretation of the statute, the trial court did not focus on the pertinent question of whether Register had actual or constructive possession of the firearm. There is no direct evidence on this point, and conflicting inferences may be taken from the record. Therefore, we reverse. On remand, if the trial court determines that Register was in actual possession of a firearm, the trial court shall impose the three-year minimum mandatory sentence.
Reversed and remanded.
DAVIS and KELLY, JJ., Concur.