855 So.2d 218 (2003)
Jama Jamar JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2366.
District Court of Appeal of Florida, Fifth District.
September 26, 2003.
*219 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant was convicted of possession of a firearm by a convicted felon and sentenced to fifteen years in prison, three years of which were designated a minimum mandatory sentence. Appellant raises numerous issues on appeal, only two of which merit discussion: his competency to proceed to sentencing after trial and the propriety of the minimum mandatory portion of his sentence. On both of these issues we determine that the lower court erred. We therefore reverse and remand for resentencing.
On August 8, 2000, a jury convicted Appellant of possession of a firearm by a convicted felon. Sentencing was deferred. Sixteen days after trial, counsel for Appellant filed a motion to determine competency. The court appointed experts who examined Appellant and concluded that he was incompetent to proceed further. In June of 2001, the court adjudged him incompetent and ordered him placed in the custody of the Department of Children and Families ("DCF") for purposes of treatment to restore his competency, pursuant to rule 3.212(c)(3), Florida Rules of Criminal Procedure.
Three months after Appellant was committed, DCF informed the court by letter that Appellant's competency had been restored. He was returned to the county jail approximately thirty days later. After numerous continuances due to three changes in counsel, Appellant was scheduled for sentencing on July 8, 2002. In the meantime, however, in April of 2002, the court had appointed one of the original examining doctors to re-examine Appellant to determine his competency to proceed to trial on other charges that were part of the same information as the possession of firearm charge, but which had been previously severed.
At the July 8, 2002, sentencing hearing, Appellant's counsel requested a continuance until the competency evaluation could be completed. Counsel told the court that the court-appointed psychologist had called him five days earlier and had expressed "concern," but had not yet evaluated Appellant. Apparently the doctor had attempted to see Appellant at the jail, but did not know that Appellant had been released on bond. Counsel further informed the court that the psychologist was on vacation until July 15th. The State countered that there had been a substantial delay in resolving the matter and noted that the evaluation could have been done earlier. It further urged the court to proceed with sentencing expressing concern that Appellant was out on bond. The court thereafter inquired as to Appellant's current status. Counsel for the State indicated that Appellant's current *220 status was one of competency. The record is unclear as to defense counsel's response to the court's inquiry. The court thereupon denied the continuance and sentenced Appellant. Immediately prior to the pronouncement of sentence, however, defense counsel again objected stating that his client "still feels competency should be an issue before proceeding to sentencing."
Appellant claims that the court erred by not granting his continuance. The State, citing Hunter v. State, 660 So.2d 244 (Fla.1995), counters that no bona fide challenge to Appellant's competence was raised. We do not find either argument to be dispositive. We do find, however, that the lower court should not have sentenced Appellant before having first adjudged him competent to proceed, and accordingly, vacate Appellant's sentence.
Rules 3.212(c)(6) and (7), Florida Rules of Criminal Procedure, provide that within 30 days of receiving notice that a defendant has regained competence, a court shall hold a hearing to determine if a defendant is competent to proceed. If the court so determines, it must adjudicate the defendant competent to proceed. Here, the record reveals that no such hearing was held, no such adjudication was made, and defendant's legal status at the time of sentencing was still one of incompetence. While the State asserted Appellant was competent to proceed, the State, in so asserting, appears to have been relying only on DCF's letter and not on any prior adjudication of competency by the court. Without such an adjudication, it was error to proceed to sentencing.
Appellant also challenges the propriety of a three-year minimum mandatory sentence imposed pursuant to section 775.087(2)(a)1., Florida Statutes (2002), for possession of a firearm during the commission of the underlying offense. We conclude that an ambiguity in that statute requires that we resolve this issue in Appellant's favor under lenity principles embodied in section 775.021(1), Florida Statutes (2002).
Section 775.087(2)(a)1., Florida Statutes, provides in pertinent part as follows:
Any person who is convicted of a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
a. Murder;
b. Sexual battery;
c. Robbery;
d. Burglary;
e. Arson;
f. Aggravated assault;
g. Aggravated battery;
h. Kidnapping;
i. Escape;
j. Aircraft piracy;
k. Aggravated child abuse;

l. Aggravated abuse of an elderly person or disabled adult;
m. Unlawful throwing, placing, or discharging of a destructive device or bomb;
n. Carjacking;

o. Home-invasion robbery;
p. Aggravated stalking;
q. Trafficking in [various, listed controlled substances] ...; or
r. Possession of a firearm by a felon and during the commission of the offense, such person actually possessed a "firearm" or "destructive device" ... shall be sentenced to a minimum term of imprisonment of 10 years, except that a person who is convicted for aggravated assault, possession of a firearm by a felon, or burglary of a conveyance shall be sentenced to a minimum term of 3 *221 years if such person possessed a "firearm" or "destructive device" during the commission of the offense.
(emphasis supplied). The ambiguity is created by the use of the word "actually" to modify "possessed" in the first portion of the statute and by its omission in the latter part of the statute. Two potential constructions are urged: The State contends that the legislature, by its plain use of the language, intended that the ten-year minimum applies when the felon "actually" possesses a firearm but that the three-year minimum applies for certain offenses when possession is something other than "actual." The trial judge accepted this argument and found Appellant's conviction demonstrated possession of a firearm sufficient to impose the three-year minimum. An alternative construction, and one which was adopted by the Second District Court in Bundrage v. State, 814 So.2d 1133 (Fla. 2d DCA 2002), is that the legislature intended that the three excepted crimes bear a three-year minimum sentence, rather than a ten-year minimum sentence, provided that "actual" possession is proven. In other words, the word "possessed" in the latter portion of the statute should be construed as "actual possession." We do not think either construction is clearly manifested and, therefore, find the statute to be ambiguous in this regard.
In concluding that an ambiguity exists, we start by noting that the word "possession," in the context of the prior version of section 775.087, was determined long ago to be ambiguous itself. Earnest v. State, 351 So.2d 957 (Fla.1977). The word could refer to ownership without physical control, physical control without ownership, constructive control, or even control that is imputed under an agency or principal theory. Id.; Webster's New World College Dictionary, 4th ed. Here, however, the legislature has attempted to limit the ambiguity by providing a specific definition of "possession," as follows:
For purposes of imposition of minimum mandatory sentencing provisions of this section, with respect to a firearm, the term "possession" is defined as carrying it on the person. Possession may also be proven by demonstrating that the defendant had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense, if proven beyond a reasonable doubt.
§ 775.087(4), Fla. Stat. (2002). Unfortunately, the statute provides no definition for the word "actually" or the phrase "actually possessed," yet the phrase is interjected in some places but omitted in others, without consistency. For example, in subsection (2)(d), the legislature expresses its intent that "offenders who actually possess ... firearms ... be punished to the fullest extent of the law." Subsection (3)(d), conversely, expresses the legislative intent regarding semiautomatic firearms using the exact same phrase except it omits the word "actually." The same omission occurs in subsection (3)(a)1. Given the inconsistent use of the phrase, we are afforded little guidance as to what is meant by this language.
The State's proposed interpretation of "actually possessed" is that the firearm is carried on the person.[1] Appellant does not quarrel with this meaning. Thus, "actually" is a word of limitation because the statutory definition of "possessed" includes both physical possession and constructive possession. To accept the State's interpretation *222 of subsection (2)(a)1., however, would require that we interpret the word "possessed" in the latter part of this subsection as only referring to "constructive possession" even though no words of limitation are used that would alert us that we should not employ the statutory definition of "possessed." Otherwise, a ten-year minimum would apply to "actual possession," and a three-year minimum would apply to either "actual" or constructive possession, an obvious contradiction.
We conclude, therefore, that an ambiguity exists that must be resolved in Appellant's favor. § 775.021, Fla. Stat. (2002). We accept the construction urged by Appellant and approved in Bundrage. The ten-year minimum mandatory does not apply to this particular offense. The three-year minimum mandatory applies, but only if it is shown that Appellant "actually possessed" the firearm, which we construe to mean carried on his person. Having construed the statute in this manner, we must consider whether the trial court properly imposed the three-year minimum sentence here. Because the question of whether Appellant "actually possessed" the firearm was not determined by the jury, however, we hold that the court erred in imposing the sentence on Appellant.
Appellant was charged by information that tracked the language of section 790.23, Florida Statutes, and provided as follows: "[Appellant] ... did, having been convicted of a felony, unlawfully own or have in his care, custody, possession or control, a certain firearm...." No interrogatories were submitted to the jury. The verdict simply found Appellant guilty of "Possession of a Firearm by a Convicted Felon, as charged in the information." The jury's verdict failed to specify whether the finding of guilt was predicated upon ownership, custody, control, constructive possession, imputed possession or actual possession, nor was the evidence conclusive on this issue. Absent a jury finding of actual possession, the imposition of the minimum mandatory sentence was error. State v. Overfelt, 457 So.2d 1385 (Fla.1984); Bundrage, 814 So.2d at 1135. Upon resentencing, therefore, the minimum mandatory shall not be imposed.
In all other respects, the judgment is affirmed.
AFFIRMED in part; REVERSED in part and REMANDED.
THOMPSON, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
A word in support of the trial judge. He saw that the legislature had purposefully included "possession of a firearm by a felon" as subsection (r) in the list of offenses for which a ten-year minimum mandatory is required in section 775.087(2)(a)1, Florida Statutes. He also saw that in the same sentence "possession of a firearm by a felon" was made subject to a three-year minimum mandatory. The only apparent difference was that a ten-year minimum mandatory applied to a person who "actually possessed" a firearm, but the three-year minimum mandatory applied to a person who merely "possessed" a firearm. Concluding that it would make no sense to interpret this statute, which expressly included this offense in the list of ten-year minimum mandatory crimes, in such a way as to make it impossible that the ten-year minimum mandatory could ever apply to this offense, the trial judge applied time-honored and battle-tested principles of statutory construction to conclude that the difference between "actually possessed" and "possessed" had significance. But he was wrong.
*223 In my time, I have seen some odd statute drafting, but what section 775.087 does with "possession" of a firearm, in general, and "possession of a firearm by a felon", in particular, should get a prize. Indeed, a ten-year minimum mandatory sentence for this offense is not available and there is no significance to the difference in terms between "actually possessed" and "possessed" as applied to "possession of a firearm by a felon." The legislature simply intended a three-year minimum mandatory sentence for this crime that is expressly enumerated among the ones for which a ten-year minimum mandatory is required. The legislative history makes this clear.[1]
In order to figure out what the legislature had in mind to qualify as "possession" for purposes of the three-year minimum mandatory, subsection (4) of section 775.087 is controlling:
For purposes of imposition of minimum mandatory sentencing provisions of this section, with respect to a firearm, the term "possession" is defined as carrying it on the person. Possession may also be proven by demonstrating that the defendant had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense, if proven beyond a reasonable doubt.
§ 775.087(4), Fla. Stat. (2002). As the majority opinion says, no finding that meets the statutory definition of "possession" for minimum mandatory sentencing purposes was made by the jury, and such a finding is required before the three-year minimum mandatory may be imposed. This is an instance where finding the defendant guilty "as charged in the information" is not enough.
NOTES
[1] In common parlance, "actually" means "really," which adds little as a modifier when used in this context. Because both parties seem to be happy with the State's definition, however, we will accept it for the purpose of our analysis.
[1] Staff of Fla. H. Comm. on Crime and Punishment, CS/CS/HB 113 (1999), Final Analysis (Mar. 24, 1999), Ch. 99-12, Laws of Florida.

"The bill also requires a 3 year minimum mandatory for committing the crime of possession of a firearm by a felon." Final Analysis 1.
"Mandatory Sentencing
The bill adds possession of a firearm to the list of enumerated offenses and makes this offense subject to a three year minimum sentence." Final Analysis 6.
"Felons Possessing Firearms
The bill requires that a felony [sic] who is convicted of possessing a firearm receive a minimum of 3 years in prison." Final Analysis 7.