DAVIS, Judge.
Artavis Dawkins challenges the trial court’s order denying his motion to correct sentencing error. We reverse and remand for further proceedings.
Dawkins entered a negotiated plea to the offense of possession of a firearm by a convicted felon and was advised by the trial court that he faced a three-year mandatory minimum term for possession of a firearm as a result. See § 775.087(2)(a)(l)(r), Fla. Stat. (2004). However, that mandatory term may not be imposed unless the defendant was in actual possession of the firearm at the time of the offense. See Washington v. State, 876 So.2d 1242 (Fla. 2d DCA 2004); Bundrage v. State, 814 So.2d 1133, 1134 (Fla. 2d DCA 2002).
Because neither the factual basis presented by the State nor the criminal report affidavit, upon which the State relied, established that Dawkins actually possessed the firearm at the time of the offense, the State correctly concedes that imposition of the three-year mandatory minimum term for possession of a firearm was in error. We conclude that Dawkins thus agreed to an illegal sentence pursuant to Carter v. State, 786 So.2d 1173, 1181 (Fla.2001), which states that one of the three tests for determining the presence of an illegal sentence asks whether the terms or conditions of punishment for an offense are impermissible as a matter of law.
We therefore reverse and remand for resentencing. However, the State should also be allowed, if it chooses, to withdraw its assent to the plea agreement. See Langley v. State, 848 So.2d 428, 429 (Fla. 2d DCA 2003).
Reversed and remanded.
FULMER, C.J., and STRINGER, J., Concur.