970 So.2d 349 (2007)
STATE of Florida, Appellant,
v.
Glenn Smith MULUS, Appellee.
No. 3D06-2121.
District Court of Appeal of Florida, Third District.
August 22, 2007.
Order Granting Certification October 31, 2007.
Bill McCollum, Attorney General, and William J. Selinger, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellee.
Before COPE and LAGOA, JJ., and FLETCHER, Senior Judge.
FLETCHER, J.
The State of Florida seeks to reverse the sentence imposed on Glenn Smith Mulus, and to remand for imposition of a three-year minimum mandatory prison sentence for possession of a firearm. We affirm.
Mulus was charged by information with possession of a firearm by a convicted felon, possession of cannabis, and possession of cocaine. He stipulated to a prima facie case and pled guilty. During the sentencing hearing, the lower court offered the defendant a 366-day sentence over the State's objection. The State argued that the trial court was required to impose a three-year minimum mandatory sentence for possession of a firearm. The lower court, however, stated that it would not impose the three year minimum mandatory sentence because the defendant was "detained for a traffic offense, playing loud music, . . . and his tag wasn't too good." The State has appealed and seeks imposition of the three-year minimum mandatory *350 sentence pursuant to section 775.087(2)(a)(1)r., Florida Statutes (2005).
It was noted in the State's Reply Brief that "[W]hen the police officer spoke to the defendant [after pulling him over], the officer noticed a firearm wedged between the defendant's seat and the center console in plain view." Mulus was thus charged with possession of a weapon by a felon under section 790.23, Florida Statutes (2005). That statute provides that a convicted felon may not own or have in his "care, custody, possession, or control," any firearm. The courts have interpreted this statute to mean that possession can be actual or constructive. See Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988). Neither party here disputes that Mulus satisfied this statute's requisites for constructive possession of a weapon.
The difficulty arose when the state asked the trial court to apply section 775.087(2)(a)(1)r., Florida Statutes (2005), which provides that a person convicted of, among other offenses, possession of a firearm by a convicted felon, must be sentenced to a three-year minimum mandatory term of imprisonment. The specific language of that statute narrows the definition of possession when it states,
Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for . . . possession of a firearm by a felon and during the commission of the offense, such person actually possessed a "firearm" . . . shall be sentenced to a minimum term of imprisonment of 10 years, except that a person who is convicted for . . . possession of a firearm by a felon, . . . shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a "firearm" or "destructive device" during the commission of the offense.

[emphasis supplied]
and
(4) for purposes of imposition of minimum mandatory sentencing provisions of this section, with respect to a firearm, the term "possession" is defined as carrying it on the person. Possession may also be proven by demonstrating that the defendant had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense, if proven beyond a reasonable doubt.
First, the offense with which Mulus was charged, possession of a firearm by a convicted felon, is a possessory, not an active "commission" crime, and thus the penalty for possession of a firearm "during the commission of the offense" does not apply. Second, the minimum mandatory sentence applies only to cases of actual, not constructive, possession. See Banks v. State, 949 So.2d 353 (Fla. 4th DCA 2007)(to impose a three-year minimum mandatory sentence, the fact finder must make a specific finding of actual possession); Dawkins v. State, 923 So.2d 520 (Fla. 2d DCA 2005)(mandatory term may not be imposed unless the defendant was in actual possession of the firearm at the time of the offense); State v. Register, 846 So.2d 1198 (Fla. 2d DCA 2003)(a felon convicted of possession of a firearm must be sentenced to a three-year minimum mandatory term, but this enhancement applies only in cases of actual, not constructive, possession); Bundrage v. State, 814 So.2d 1133 (Fla. 2d DCA 2002) (there must be express finding of actual possession to enhance the sentence); Johnson v. State, 855 So.2d 218, 222 (Fla. 5th DCA 2003)(actual possession for the purposes of sentence enhancement means "carried on his person."). The definition in subsection (4) is not applicable to the merely possessory offense charged here, as again, "intent to use . . . during *351 the commission" of an offense must be proven beyond a reasonable doubt. § 775.087(4), Fla. Stat. (2005).
The charge was for an offense of possession. The record does not show that Mulus actually possessed the firearm, and the court did not make any finding of actual possession. The State did not charge Mulus with actual possession, nor did it establish a factual basis for actual possession or constructive possession with intent to commit an offense. The three-year minimum mandatory enhancement pursuant to section 775.087(2)(a)(1)r., Florida Statutes (2005) is not applicable to these facts, and we must affirm.
Affirmed.

On Motion for Certification
PER CURIAM.
We certify that we have passed on the following question of great public importance:
WHETHER THE SOLE METHOD FOR IMPOSING A THREE-YEAR MANDATORY MINIMUM SENTENCE FOR POSSESSION OF A FIREARM BY A CONVICTED FELON IS TO ESTABLISH THAT THE DEFENDANT CARRIED THE FIREARM "ON THE PERSON" AS PROVIDED BY SUBSECTION 775.087(4), FLORIDA STATUTES (2005)?
We also certify direct conflict with Cook v. State, 816 So.2d 267 (Fla. 1st DCA 2002).
Certification granted.