969 So.2d 1171 (2007)
Eric D. BARTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3891.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant's conviction for possession of a firearm by a convicted felon is affirmed. However, we remand for a corrected sentence. The trial court erroneously believed the three-year mandatory minimum sentence contained in section 775.087(2)(a)1.r., Florida Statutes, for actual possession applied here. In Johnson v. State, 855 So.2d 218 (Fla. 5th DCA 2003), this Court held that for purposes of sentencing enhancement, actual possession means that the defendant carried the firearm on his person. Because there was no evidence that the defendant had the firearm on his person, there existed no factual basis for application of the three-year mandatory minimum. See State v. Mulus, 32 Fla. L. Weekly D1995, ___ So.2d ___, 2007 WL 2376669 (Fla. 3d DCA Aug.22, 2007).
Accordingly, the defendant's conviction is affirmed but the cause is remanded for resentencing.
CONVICTION AFFIRMED; CAUSE REMANDED FOR RESENTENCING.
GRIFFIN and THOMPSON, JJ., concur.