975 So.2d 544 (2008)
Herman HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3990.
District Court of Appeal of Florida, Second District.
February 6, 2008.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
*545 NORTHCUTT, Chief Judge.
Charged with robbery, Herman Luther Hampton was found incompetent to stand trial in May 2005. The court did not find him competent until June 2006. In the interim, however, Hampton was allowed to waive his right to a jury trial. Hampton's bench trial was commenced in April 2006, well before the court found that his competency had been restored. Based on this chronology, we must reverse Hampton's conviction and sentence.
The applicable rule of procedure is clear: "A person accused of an offense . . . who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent." Fla. R.Crim. P. 3.210(a). Here, Hampton was found incompetent and committed for treatment. Thereafter, and before proceeding, it was necessary for the court to enter a written order finding him competent. See Fla. R.Crim. P. 3.212(c)(7); see also Corbitt v. State, 744 So.2d 1130 (Fla. 2d DCA 1999); Johnson v. State, 855 So.2d 218 (Fla. 5th DCA 2003) (requiring court to adjudicate defendant competent and rejecting State's reliance on letter by Department of Children & Family Services opining as to defendant's competence). Because the court accepted Hampton's waiver of his right to a jury trial and commenced the bench trial prior to its written finding that Hampton was competent to stand trial, we reverse.
Reversed and remanded for new trial.
SALCINES, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.