996 So.2d 875 (2008)
Sheldon Rashad REDDING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1960.
District Court of Appeal of Florida, Fifth District.
October 17, 2008.
Rehearing Denied December 22, 2008.
*876 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Sheldon Redding appeals the three-year minimum mandatory sentence imposed following his conviction on Count I, possession of a firearm by a convicted felon. Redding also challenges the judgment and sentence imposed on Count III, possession of marijuana.[1] We affirm the judgment and sentence imposed on Count III without further comment, as we reject Redding's argument that the trial court erred by denying his motion for judgment of acquittal on that count. We reverse the three-year minimum mandatory sentence that was imposed on Count I pursuant to section 775.087(2)(a)1., Florida Statutes (2006), because the State presented no evidence whatsoever that Redding carried the firearm on his person. See Bartley v. State, 969 So.2d 1171 (Fla. 5th DCA 2007); Johnson v. State, 855 So.2d 218 (Fla. 5th DCA 2003).[2]
Therefore, we reverse the three-year minimum mandatory sentence imposed on Count I, possession of a firearm by a convicted felon, and we remand for resentencing on that count. We affirm in all other respects.
*877 AFFIRMED in part, REVERSED in part, and REMANDED.
PALMER, C.J. and TORPY, J., concur.
NOTES
[1] Although Redding's arguments on appeal relate only to Counts I and III, Redding was found guilty as charged by the jury on all five counts of the Information, including Count I, possession of a firearm by a felon; Count II, possession of cocaine; Count III, possession of cannabis; Count IV, felony fleeing or attempting to elude; and Count V, driving while license suspended.
[2] In Bartley v. State, 969 So.2d 1171, 1171 (Fla. 5th DCA 2007), this court applied our previous decision in Johnson and explained:

The defendant's conviction for possession of a firearm by a convicted felon is affirmed. However, we remand for a corrected sentence. The trial court erroneously believed the three-year mandatory minimum sentence contained in section 775.087(2)(a)1.r., Florida Statutes, for actual possession applied here. In Johnson v. State, 855 So.2d 218 (Fla. 5th DCA 2003), this Court held that for purposes of sentencing enhancement, actual possession means that the defendant carried the firearm on his person. Because there was no evidence that the defendant had the firearm on his person, there existed no factual basis for application of the three-year mandatory minimum. See State v. Mulus, 970 So.2d 349 (Fla. 3d DCA 2007).
Accordingly, the defendant's conviction is affirmed but the cause is remanded for resentencing.