997 So.2d 486 (2008)
Cleveland B. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3478.
District Court of Appeal of Florida, Second District.
December 17, 2008.
*487 James Marion Moorman, Public Defender, and Frank D.L. Winstead, Special Assistant Public Defender, Bartow, for Appellant.
Cleveland B. Williams, pro se.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Cleveland B. Williams challenges the judgment and sentence imposed on him after a jury found him guilty of possession of a firearm by a convicted felon, a violation of section 790.23(1), Florida Statutes (2005).[1] The jury's verdict included a finding that Mr. Williams was in actual possession of the firearm. The trial court sentenced Mr. Williams to five years in the state prison with a three-year mandatory minimum term in accordance with section 775.087(2)(a)(1), Florida Statutes (2005). Because the State did not present any evidence that Mr. Williams was in actual possession of the firearm, the trial court erred in imposing the three-year mandatory minimum term.
Section 775.087(2)(a)(1) "enhances the sentence of a defendant who `actually possessed' a firearm during the commission of the crime." Bundrage v. State, 814 So.2d 1133, 1134 (Fla. 2d DCA 2002). But in order for the enhancement to apply, the State must prove actual possession. Id. In this context, "actual possession" means that the firearm must be carried on the person. See Washington v. State, 876 So.2d 1242, 1243 (Fla. 2d DCA 2004) (citing Johnson v. State, 855 So.2d 218, 222 (Fla. 5th DCA 2003)). Although the jury made a specific finding that Mr. Williams was in actual possession of the firearm, the State did not present any evidence demonstrating that Mr. Williams carried the firearm on his person. On rebriefing, the State concedes that "the evidence on the record does not support imposition of the minimum mandatory sentence."
Nevertheless, the State argues that the issue of the propriety of the mandatory minimum sentence was not preserved because Mr. Williams did not file a motion under Florida Rule of Criminal Procedure 3.800(b)(2). We disagree. The argument made by Mr. Williams' trial counsel at sentencing was sufficient to preserve the error for appellate review. See Fla. R.App. P. 9.140(e)(1).
Accordingly, we affirm Mr. Williams' judgment and five-year sentence, reverse the mandatory minimum portion of the sentence, and remand this case for the trial court to strike the mandatory minimum designation from the sentence. Mr. Williams need not be present when the *488 trial court makes the necessary correction to the sentence. See Washington, 876 So.2d at 1243.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and LaROSE, JJ., Concur.
NOTES
[1] Mr. Williams' appellate counsel originally filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because we determined that an issue of potential merit existed concerning the imposition of a mandatory minimum sentence on Mr. Williams under section 775.087(2)(a)(1), Florida Statutes (2005), we ordered supplemental briefing in accordance with Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We also ordered Mr. Williams' appellate counsel to address an apparent inconsistency in the judgment. Upon review of the supplemental briefs, we agree with Mr. Williams and the State that there is no inconsistency in the judgment.