NORTHCUTT, Judge.
 

 Eric John Gallentine raises two points on appeal from multiple convictions. We affirm without discussion his claim that the trial court erred in denying his motion to suppress. But we agree that the trial court erred by imposing a three-year mandatory minimum sentence under section 775.087(2)(a)(l)(r), Florida Statutes (2008), for possession of a firearm by a convicted felon. The evidence failed to show that Gallentine carried the firearm on his person.
 
 See, e.g., Williams v. State,
 
 997 So.2d 486 (Fla. 2d DCA 2008);
 
 Washington v. State,
 
 876 So.2d 1242 (Fla. 2d DCA 2004);
 
 Johnson v. State,
 
 855 So.2d 218 (Fla. 5th DCA 2003);
 
 see also State v. Mulus,
 
 970 So.2d 349 (Fla. 3d DCA 2007) (reversing mandatory minimum term when firearm was discovered in defendant’s car during a traffic stop but not actually carried on his person; certifying question of great public importance whether carrying on the person is sole method for imposing mandatory minimum sentence);
 
 review denied,
 
 979 So.2d 220 (Fla.2008).
 

 Convictions affirmed; three-year mandatory minimum sentence reversed.
 

 KHOUZAM and MORRIS, JJ., Concur.