PER CURIAM.
 

 We reverse the trial court’s order denying appellant’s Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. The factual basis for the plea in this case did not establish actual possession of the firearm which is necessary for the three-year mandatory minimum to apply.
 
 Dawkins v. State,
 
 923 So.2d 520 (Fla. 2d DCA 2005); § 775.087(2)(a)l, Fla. Stat. (2001). The face of the record shows that appellant was in constructive, not actual,
 
 *438
 
 possession of the firearm. We reverse and remand for the trial court to strike the mandatory minimum term from the sentence imposed on the possession of a firearm by a convicted felon count. Resen-tencing is not required, and appellant need not be present for this ministerial sentence correction.
 

 Reverse and remand with directions to strike the three-year firearm mandatory minimum.
 

 WARNER, TAYLOR and HAZOURI, JJ., concur.