ALTENBERND, Judge.
Heather Ciambrone appeals an order denying her postconviction motion pursuant to Florida Rule of Criminal Procedure 3.800(a), in which she claimed her sentence of life without possibility of parole was an illegal sentence. We affirm. This case demonstrates that a defendant who is allowed to withdraw a plea sometimes runs the risk of an outcome far worse than the sentence under the original plea.
Heather Ciambrone and her husband, Joseph Ciambrone, were separately indicted in 1995 for the death of their son, Lucas. Mr. Ciambrone was convicted and sentenced to life in prison in 1997. We affirmed his judgment and sentence. Ciambrone v. State, 733 So.2d 523 (Fla. 2d DCA 1999) (table decision). The trial court delayed Mrs. Ciambrone’s case for several years after she was declared incompetent to stand trial.
The indictment charged that Mrs. Ciam-brone committed felony murder because her son’s death occurred at the end of an extended period of aggravated child abuse. The State filed a statement of particulars in her case claiming that Lucas died within forty-eight hours of May 11, 1995. The period of aggravated child abuse began as early as June 1, 1993, and extended until the day he died. The boy was about seven years old and weighed thirty pounds at his death. The State argued that sometime in May 1995 Mrs. Ciambrone struck the final blows that actually resulted in Lucas’s death.
In 2001, Mrs. Ciambrone negotiated a plea to second-degree murder in exchange for a sentence of fifty-five years’ imprisonment. Although this is a long sentence, Mrs. Ciambrone was a young woman and she could have been released from prison when she was older.
In a subsequent postconviction motion, she sought to withdraw the plea, claiming that her lawyer had misadvised her about gain time rules that would affect her sentence. The trial court denied that motion, but this court reversed, holding that she was entitled to withdraw her plea. See Ciambrone v. State, 938 So.2d 550 (Fla. 2d DCA 2006).
On remand, Mrs. Ciambrone withdrew her plea. She was tried by a jury in 2007 and convicted of first-degree felony murder. As a result, the trial court was required to sentence her to life without possibility of parole, the same sentence that her husband is serving. We affirmed that judgment and sentence on direct appeal. Ciambrone v. State, 38 So.3d 139 (Fla. 2d DCA 2010) (table decision). She did not raise a sentencing issue in that appeal.
In this postconviction proceeding, she argues that her sentence is illegal and that she is entitled to a sentence that is parole eligible after twenty-five years. Although she admits that life without possibility of parole was the mandatory sentence for a murder committed in May 1995, she theorizes that the murder was a continuing crime that commenced with the first acts of aggravated child abuse. As a result, she claims she is entitled to be sentenced under the law that applied to homicides in 1993.
The trial court rejected this argument, as do we. Even assuming that the aggravated child abuse in this case might have been a continuing criminal enterprise, a matter that we do not decide, the actions that actually and ultimately resulted in the death of this child occurred in May 1995. The indictmént specifically identified May 1995 as the time of this homicide and so did the statement of particulars. Even factually, there is nothing to suggest that this crime should be sentenced under earlier law, and this proceeding is based on a *1178 motion to correct an illegal sentence. Accordingly, we affirm the trial court’s order.
Other prisoners who fantasize about a future court proceeding in which their motion to withdraw from their negotiated plea results in their freedom should consider the fact that their plea was negotiated with the assistance of a trained attorney. They should reflect on Mrs. Ciambrone, whose motion to withdraw a plea to a lesser offense now makes it very likely that she will die in custody.
Affirmed.
KELLY and KHOUZAM, JJ., Concur.