BERGER, J.
Appellant, Adam Haynes, appeals the trial court’s summary denial of his pro se motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Haynes argues that his nine-year sentence, consisting of three consecutive three-year minimum mandatory terms, is illegal on its face. Because we hold the sentence was not subject to challenge by way of a motion to correct illegal sentence, we affirm the trial court’s denial.
Haynes was originally charged by Information with eight counts: five counts of aggravated assault with a firearm in violation of sections 784.021(l)(a), 775.087(2)(a)l, and 775.087(2)(a)2, Florida Statutes (2010); possession of a firearm by a convicted felon in violation of sections 790.23 and 775.087(2)(a)l, Florida Statutes; shooting a deadly weapon into an occupied conveyance in violation of section 790.19, Florida Statutes; and battery in violation of section 784.03, Florida Statutes. Haynes entered a negotiated plea to two counts of aggravated assault with a firearm and one count of possession of a firearm by a convicted felon, in return for three consecutive three-year minimum mandatory sentences and dismissal of the remaining five counts. The judge imposed the agreed-upon sentence, for a total of nine years imprisonment.
Haynes now complains the sentence he bargained for was illegal. His “right to challenge an illegal sentence is not waived by the fact that the sentence was the result of a negotiated plea.” Torbert v. State, 832 So.2d 203, 205 (Fla. 4th DCA 2002); accord Wheeler v. State, 864 So.2d 492, 492 (Fla. 5th DCA 2004) (“[A]n illegal sentence cannot be imposed even as part of a negotiated plea agreement....”) But while Haynes sought relief under rule 3.800(a) to obtain correction of his sentence, he was actually challenging the terms of his plea agreement and the resulting convictions. See Dominguez v. State, 98 So.3d 198, 200 (Fla. 2d DCA 2012); Nedd v. State, 855 So.2d 664, 664 (Fla. 2d DCA 2003). As the sentence was the product of a negotiated plea, the remedy is not to correct the illegal sentence, but rather a motion under Rule of Criminal Procedure 3.850 to set aside the plea, vacate the judgment and sentence, and reinstitute all charges pending against the defendant prior to entry of the plea. See Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981) (“If the plea negotiation is not binding on the defendant, then it is not binding upon the state.”). Thus, the current motion was properly denied. Nedd, 855 So.2d at 664; Jolly, 392 So.2d at 56; see also Dominguez, 98 So.3d at 201.
The withdrawal of a plea can have unintended consequences. Ciambrone v. State, 93 So.3d 1176, 1177 (Fla. 2d DCA 2012) (“This case demonstrates that a defendant who is allowed to withdraw a plea some *483 times runs the risk of an outcome far worse than the sentence under the original plea.”). Haynes’ offenses are subject to the 10-20-life law, meaning that he must receive a mandatory twenty-year sentence for any aggravated assault involving the discharge of a firearm. See § 775.087(2)(a)2, Fla. Stat.[1] Absent a plea to reduced charges, with the State’s concurrence, see Thomas v. State, 932 So.2d 1221, 1224 (Fla. 5th DCA 2006), if convicted Haynes will plainly face an increase in the time he must serve after withdrawal of his plea. We nonetheless affirm the trial court’s denial of Haynes’ rule 3.800(a) motion without prejudice to his right to file an appropriate 3.850 motion.[2]
AFFIRMED.
SAWAYA and JACOBUS, JJ., concur.

. Haynes pled as charged to two counts of aggravated assault with a firearm and stipulated to a factual basis to support the plea. The information filed by the State alleged that Haynes discharged a firearm when he assaulted the juveniles.

. Haynes’ sentence became final on March 25, 2011. Thus, he remains within the two-year time limit to file a motion pursuant to rule 3.850 should he choose to do so.