NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROOSEVELT STEWART, )
)
Appellant, )
)
v. ) Case No. 2D15-1219
)
STATE OF FLORIDA, )
)
Appellee. )
_____ )

Opinion filed May 18, 2016.

Appeal from the Circuit Court for Sarasota
County; Charles E. Roberts, Judge.

Howard L. Dimmig, II, Public Defender, and
Richard P. Albertine, Jr., Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


CASANUEVA, Judge.

Roosevelt Stewart appeals his judgments and sentences following his no

contest plea for sale or delivery of cocaine within 1000 feet of a place of worship and

sale or delivery of cocaine. Pursuant to a negotiated plea agreement, Mr. Stewart was

sentenced to eight years in prison for both offenses and a three-year minimum

mandatory term for the first offense. The Public Defender filed an Anders[1] brief, noting that Mr. Stewart filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion argued that the three-year minimum mandatory term for the offense of sale or delivery of cocaine within 1000 feet of a place of worship was improper because no statutory authorization exists for imposition of a minimum mandatory term for this offense. Mr. Stewart asked the trial court to strike the minimum mandatory term from his sentence. The trial court failed to rule on the motion within sixty days, and it is therefore deemed denied. See Fla. R. Crim. P. 3.800(b)(2)(B).

Mr. Stewart is correct that the three-year minimum mandatory term is not required by statute to be imposed for this offense. See § 893.13(1)(e), Fla. Stat. (2014). However, the minimum mandatory term was part of his plea agreement and, although he did not waive the right to challenge an illegal sentence based on the fact that it was the result of a negotiated plea, see Haynes v. State, 106 So. 3d 481, 482 (Fla. 5th DCA 2013) (quoting Torbert v. State, 832 So. 2d 203, 205 (Fla. 4th DCA 2002)), a rule 3.800 motion was not the proper vehicle to challenge the minimum mandatory term. The Fifth District outlined the proper procedure as follows:

> As the sentence was the product of a negotiated plea, the remedy is not to correct the illegal sentence, but rather a motion under Rule of Criminal Procedure 3.850 to set aside the plea, vacate the judgment and sentence, and reinstitute all charges pending against the defendant prior to entry of the plea.

106 So. 3d at 482.

---

[1]Anders v. California, 386 U.S. 738 (1967).

We therefore affirm the trial court's denial of Mr. Stewart's rule 3.800 motion without prejudice to his right to file an appropriate rule 3.850 motion within the time remaining under rule 3.850(b).

Affirmed.


SILBERMAN and CRENSHAW, JJ., Concur.