IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICHARD WARREN VANZILE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1211

CORRECTED PAGES: pg 2
CORRECTION IS UNDERLINED IN
RED
MAILED: October 10, 2016
BY: KMS

Opinion filed October 10, 2016.

An appeal from an order of the Circuit Court for Santa Rosa County.
John F. Simon, Jr., Judge.

Michael R. Rollo, Pensacola, for Appellant.

Pamela Jo Bondi, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant filed a rule 3.800(a) motion to withdraw his plea to a negotiated sentence of lifetime sexual offender probation after five years' imprisonment, imposed following a conviction for attempted sexual battery on a victim less than

12 years of age, a first-degree felony. In that motion, Appellant correctly argues that the sentence exceeds the 30-year statutory maximum for a first-degree felony per sections 775.082 and 777.04(4)(b), Florida Statutes. The trial court denied the motion and Appellant filed this appeal.

In recognition of the State's response to this Court's Toler[1] order, we affirm the trial court's order on appeal without prejudice to the Appellant's timely filing of a rule 3.850 motion seeking to withdraw his plea to this sentence, if he chooses to do so. See Leavitt v. State, 810 So. 2d 1032 (Fla. 1st DCA 2002) (a defendant cannot plead to an illegal sentence, even when it arises from a negotiated plea agreement); Nedd v. State, 855 So. 2d 664 (Fla. 2d DCA 2003) (defendant needed to raise a claim of an illegal sentence that arose out of a negotiated plea agreement in a rule 3.850 motion because plea withdrawal was a potential consequence); Haynes v. State, 106 So. 3d 481 (Fla. 5th DCA 2013) (defendant's claim of an illegal sentence must be raised in a rule 3.850 motion because he sought to withdraw from his plea, and doing so was at his own peril because he risked a greater sentence). If a rule 3.850 motion is brought by the Appellant, the State will have the option to either agree to resentencing or to withdraw from the plea agreement and proceed to trial on the original charge. Nedd; Bruno v. State, 837 So. 2d 521 (Fla. 1st DCA 2003).

---

[1] Toler v. State, 493 So. 2d 489 (Fla. 1st DCA 1986).

As to the remaining claims, we affirm the trial court's order of denial.

AFFIRMED.

WOLF, BILBREY, and M.K. THOMAS, JJ., CONCUR.