IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PALANSKI SWAIN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3780

_____/

Opinion filed August 10, 2017.

An appeal from the Circuit Court for Leon County.
Frank E. Sheffield, Judge.

Andy Thomas, Public Defender, and Kathleen Stover, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia C. Harris, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Palanski Swain, was moving out of his ex-girlfriend's residence in

Gadsden County as their relationship was ending. Swain's ex-girlfriend drove him

and all of his belongings to the corner of North Monroe Street and Fred George Road

in Leon County. The ride to Leon County was silent, and Swain's ex-girlfriend was

upset that he was leaving her. Swain's ex-girlfriend pulled into a Starbucks Coffee Shop, which was closed, and dropped him off. All of Swain's belongings were in two large garbage bags, one of which contained all of his clothing, the other contained a twenty gauge shotgun. As she pulled away, Swain's ex-girlfriend called 911 and reported that Swain had a gun in his possession. When police arrived, the bags were found approximately twenty-five to fifty feet away from the spot where Swain was standing. The firearm was unloaded and had scratch marks over the serial number. At trial, Swain was found guilty as charged of alteration of a firearm serial number (Count 1) and possession of a firearm by a convicted felon (Count 2). Following trial, he was sentenced to a three-year mandatory minimum sentence under the sentencing enhancement provided in section 775.087(2)(a)1., Florida Statutes (2016).

Both parties agree that insufficient evidence exists to support the conviction in Count 1, the alteration of the firearm serial number. There was no evidence to prove proper venue or commission of the crime within the statute of limitations period. We reverse the conviction in Count 1, vacating it entirely.

Swain was charged with possession of a firearm by a convicted felon by either actual or constructive possession. While Swain stipulated at trial that the State had proved constructive possession, sufficient to convict him of possession of a firearm by a convicted felon, he contended the State had not proved actual possession, which

2

was required to sentence him to a mandatory minimum sentence. The trial court found that there was sufficient evidence to support a finding of actual possession.

A finding of either actual or constructive possession will support a conviction for possession of a firearm by a convicted felon; however, actual possession is required in order to sentence a defendant to a mandatory minimum sentence under the enhancement provision in section 775.087(2)(a)1. Miller v. State, 838 So. 2d 644, 644 (Fla. 1st DCA 2003); Johnson v. State, 855 So. 2d 218, 222 (Fla. 5th DCA 2003); Bundrage v. State, 814 So. 2d 1133, 1135 (Fla. 2d DCA 2002). "Actual possession means: 1) the object is in the hand of or on the person; or 2) the object is in a container in the hand of or on the person; or 3) the object is so close as to be within ready reach and is under the control of the person." Fla. Std. Jury Instr. (Crim.) 10.15. "Constructive possession means the object is in a place over which (defendant) has control, or in which (defendant) has concealed it." Id.

The contention that Swain actually possessed the firearm after being dropped off in Leon County is not supported by the evidence. His ex-girlfriend testified she removed the gun from the trunk of the car and placed it by the rest of Swain's belongings. Swain testified he never touched the gun after being dropped off. No eyewitness testimony placed the firearm any closer than twenty-five to fifty feet from him. Two recorded jail phone calls from Swain to his new girlfriend showed

3

Swain's knowledge of the presence of the firearm, but did not sufficiently establish actual possession.

While there was sufficient evidence to show constructive possession of the firearm, we hold that actual possession was not established. The record lacks competent, substantial evidence to support Swain held the firearm while in Leon County, either in his hand or in a bag. Further, a firearm cannot be said to be "within ready reach" when it was seen no closer than twenty-five to fifty feet away from Swain. Consequently, Swain must be re-sentenced in Count 2 without application of the sentencing enhancement provision in section 775.087(2)(a)1., Florida Statutes (2016).

REVERSED and REMANDED to vacate the judgment and sentence in Count 1 and for re-sentencing in Count 2 without application of the sentencing enhancement provision in section 775.087(2)(a)1.

ROBERTS, WINOKUR, and M.K. THOMAS, JJ., CONCUR.