DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAMON ROSARIO**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D16-3360

[December 19, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 502010CF006599AXXXMB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Ramon Rosario appeals the circuit court's denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct an unauthorized sentence. The State properly concedes error, and we remand for a correction of Rosario's sentence.

This Court previously affirmed Rosario's sentence. *Rosario v. State*, 122 So. 3d 412 (Fla. 4th DCA 2013). The Florida Supreme Court quashed our decision and "remanded for resentencing in conformance with the framework established in chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes." *Rosario v. State*, 41 Fla. L. Weekly S113, 2016 WL 235776, at *1 (Fla. Jan. 20, 2016).

On remand, the State and Rosario's counsel appeared at a hearing and agreed, in part, to a proposed sentence on fifteen charges. The court sentenced Rosario to twenty-five years' imprisonment, with ten-year mandatory minimum terms, on two conspiracy charges. The sentences

and mandatory minimum terms were to run concurrently. Later, the court entered a supplementary sentencing order providing that the sentence for certain of Rosario's charges were subject to review after twenty years but excluded the home-invasion conspiracy charges from review.

After Rosario filed his notice of appeal, he moved the circuit court to "modify his concurrent twenty-five (25) year sentences for first-degree felonies to include judicial review pursuant to sections 775.082(3)(c) and 921.1402(2)(d)." The circuit court granted the motion and entered an order correcting the supplementary sentencing order:

> The Defendant was sentenced to 25 years in the Florida State Prison on Counts 1,2,7,8, and 12. The 10 year Firearm mandatory minimum continues to apply to Counts 7, 8, and 12. Pursuant to *Kelsey v. State*, 206 So. 3d 5[] (Fla. 2016) the Defendant shall be entitled to judicial review of these sentences after 20 years regarding counts 1,2,7,8, and 12.

Rosario's counsel then filed in this Court an *Anders*[1] brief and a motion to withdraw as counsel, arguing that an "examination of the record on appeal reveals no error which could be conscientiously argued as a predicate for relief." We ordered Rosario's counsel to "file a supplemental brief addressing why [Rosario] does not have an arguable claim that the ten-year mandatory minimum terms imposed for conspiracy to commit home invasion robbery with a firearm (counts VII and XII) are improper."

In response to our order, Rosario's counsel filed a supplemental brief agreeing the sentence was improper but stating Rosario waived the argument. We struck the *Anders* brief and the supplemental brief because "[i]t is not clear from this record that the mandatory minimum terms were imposed as part of a negotiated plea agreement. *Cf. Stewart v. State*, 192 So. 3d 572 (Fla. 2d DCA 2016); *Tucker v. State*, 174 So. 3d 485, 487-88 (Fla. 4th DCA 2015); *Haynes v. State*, 106 So. 3d 481, 482 (Fla. 5th DCA 2013)."

After we struck the brief, Rosario filed a second motion to correct his sentence in the circuit court. The circuit court ordered the State to respond to Rosario's motion, but the State failed to do so. Ultimately, the motion was deemed denied because the circuit court failed to rule within sixty days. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

After the circuit court denied the second motion to correct, Rosario returned to this Court and now argues "[t]he ten-year mandatory minimum terms imposed for conspiracy to commit home invasion robbery with a firearm (counts VII and XII) must be stricken from [his] sentence because they are not statutorily authorized." The State concedes that the ten-year mandatory minimum terms of Rosario's sentence are illegal. *See, e.g., Tooley v. State,* 675 So. 2d 984, 985 (Fla. 5th DCA 1996); *White v. State,* 657 So. 2d 1223, 1223 (Fla. 5th DCA 1995); *Kennedy v. State,* 564 So. 2d 1127, 1129–30 (Fla. 1st DCA 1990).

As a result of the State's proper concession of error, we remand for a ministerial sentence correction—to strike the ten-year mandatory minimum terms imposed on Counts VII and XII of Rosario's sentence. Resentencing is not required, and Rosario need not be present for this sentence correction. *See, e.g., Flores v. State,* 58 So. 3d 437, 438 (Fla. 4th DCA 2011).

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***