DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROWLIN ROCK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2996

[August 21, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Willis, Judge; L.T. Case No. 50-2022-CF-007535-AXXX-MB.

Ann Fitz of Law Office of Ann Fitz, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The appellant was convicted after trial of felon in possession of a firearm, in violation of section 790.23, Florida Statutes (2022). He raises numerous arguments, but we find only one has merit. We agree with the appellant that the state presented insufficient evidence of his "possession" of the firearm for purposes of imposing the mandatory minimum sentence under section 775.087(2)(a)1., Florida Statutes (2022). We affirm his conviction but reverse and remand for the trial court to remove the mandatory minimum sentence.

At a minimum, the evidence at trial established a factual issue with respect to the appellant's constructive possession of the gun. The appellant was the sole occupant of a one-room efficiency at the time of his arrest. The appellant did not respond to officers' demands to exit the efficiency for thirteen minutes, during which time an officer observed him lifting up the mattress of the only bed in the efficiency. After the appellant was arrested, officers discovered a loaded gun between the mattress and the box spring. The gun was wet, but the top of the mattress was dry. The gun was not properly holstered, and the holster was dripping wet. Based

on this evidence, the trial court did not err in denying the appellant's motion for judgment of acquittal.

However, the issue of whether the state presented sufficient evidence of "possession" for purposes of imposing the mandatory minimum is a separate inquiry. *See Birch v. State*, 248 So. 3d 1213, 1219 (Fla. 1st DCA 2018). Section 775.087(2)(a)1. provides in pertinent part: "Any person who is convicted" of an enumerated felony, including possession of a firearm by a felon, "and during the commission of the offense, such person actually possessed a 'firearm' . . . , shall be sentenced to a minimum term of 10 years, except that a person who is convicted for possession of a firearm by a felon . . . shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a 'firearm' . . . during the commission of the offense." § 775.087(2)(a)1., Fla. Stat. (2022).

Section 775.087(4), Florida Statutes (2022) defines "possession" as "carrying it on the person," but "[p]ossession may also be proven by demonstrating that the defendant had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense." § 775.087(4), Fla. Stat. (2022). Consistent with this definition, our courts have required a jury finding of actual possession to impose the three-year mandatory minimum for possession of a firearm by a convicted felon. *See Christian v. State*, 313 So. 3d 725, 728 (Fla. 2d DCA 2020) ("While a finding of either actual or construction possession will support a conviction for possession of a firearm by a felon, case law is clear that a finding of actual possession is necessary to support imposition of the three-year mandatory minimum enhancement under section 775.087(2)(a)1."); *Swain v. State*, 226 So. 3d 1002, 1004 (Fla. 1st DCA 2017) (observing that for the offense of possession of a firearm by a convicted felon, "actual possession is required in order to sentence a defendant to a mandatory minimum sentence under . . . section 775.087(2)(a)1."); *Banks v. State*, 949 So. 2d 353, 355 (Fla. 4th DCA 2007) (observing that the offense of possession of a firearm by a convicted felon is proven by either actual or constructive possession, but that a factfinder must make a specific finding of actual possession for the court to impose the mandatory minimum sentence under section 775.087(2)(a)1.).

Here, the evidence was insufficient to prove "possession" under either definition provided in section 775.087(4). No one testified that they observed the appellant carrying the gun on his person, and other evidence was inconclusive as to whether the appellant touched the gun. Nor did the state present evidence that the gun was in the appellant's "immediate physical reach with ready access with the intent to use the firearm during

the commission of the offense." § 775.087(4), Fla. Stat (2022).[1] Consequently, though we affirm the conviction, we reverse and remand for the trial court to remove the mandatory minimum sentence.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER, CIKLIN and LEVINE, JJ., concur.

*      *      *

**_Not final until disposition of timely filed motion for rehearing._**

---

[1] Assuming the state had presented sufficient evidence the gun was in the appellant's immediate physical reach with ready access, the state did not present evidence of his "intent to use the firearm during the commission of the offense." We recognize that our sister courts have indicated section 775.087(4)'s reference to a defendant's "intent to use the firearm during the commission of the offense" does not apply to mere possessory offenses and that the only way to prove "possession" in a felon in possession case, for purposes of the enhancement, is to prove the defendant carried the firearm on his person. *See Gallentine v. State*, 55 So. 3d 728 (Fla. 2d DCA 2011); *Redding v. State*, 996 So. 2d 875 (Fla. 5th DCA 2008); *State v. Mulus*, 970 So. 2d 349 (Fla. 3d DCA 2007)). We do not decide that issue. If the "intent to use the firearm during the commission of the offense" language applies, the state did not present any evidence of intent here. And if the language does not apply, the state is limited to establishing intent by proving the gun was carried on the appellant's person, which the state did not do.