DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER J. PORTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0961

[April 29, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy Lawrence Bailey, Judge; L.T. Case No. 062019CF014992A88810.

Daniel Eisinger, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Tallahassee, Attorney General, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

***ON CONFESSION OF ERROR***

KLINGENSMITH, J.

Appellant, Christopher J. Porter, appeals his conviction and sentence following a jury trial in which he was adjudicated guilty of one count of sexual battery upon a person less than twelve years of age, two counts of lewd or lascivious molestation of a person less than twelve years of age, and one count of lewd or lascivious exhibition of a person less than twelve years of age. We affirm on all issues raised except for one: whether the trial court erred in denying Appellant's motion to correct sentence. On that point, we agree with Appellant in part and reverse portions of the defendant's sentence.

The trial court proceeded directly to sentencing following the jury's verdict of guilty on all counts. The State represented that the trial court was required to impose a life sentence for count one (sexual battery) and 25-year mandatory minimum sentences for counts two and three (lewd or lascivious molestation). The State requested 15 years for count four (lewd

or lascivious exhibition), while defense counsel asked the court to "proceed with the minimum mandatory sentencing as required under the new statutes."

The trial court orally sentenced Appellant to "life in prison on count one. 25 years on count two, 25 years on count three, and 15 years on count four" to run concurrently. However, the written sentencing document contains a notation that "the court further orders Counts 1+2 min/mand of 25 years." The trial court also entered a cost order, which imposed misdemeanor costs and a $65 county ordinance charge pursuant to section 939.185(1)(a), Florida Statutes (2023).

Appellant moved to correct his sentence on three grounds. First, he asked the trial court to vacate the misdemeanor costs because he was charged with felonies. Second, Appellant argued the county ordinance cost should be vacated because the cost was discretionary and was not orally pronounced. And third, Appellant argued the 25-year mandatory minimum sentence for the sexual battery charge should be vacated. The trial court denied Appellant's motion on all three grounds.

We review motions to correct sentencing errors de novo. *Shaw v. State*, 418 So. 3d 183, 185 (Fla. 4th DCA 2025).

### *Imposition of Costs*

Appellant argues, and the State concedes, that the trial court erroneously imposed misdemeanor costs because all of Appellant's crimes were felonies. *See Hartfield v. State*, 381 So. 3d 646, 647 (Fla. 1st DCA 2024). Therefore, we reverse and remand to the trial court with instructions to strike the misdemeanor costs. *See id.* Appellant need not be present. *See Johnson v. State*, 293 So. 3d 582, 584–85 (Fla. 1st DCA 2020) (citation modified) ("Should the trial court strike the fines in an amended judgment, Appellant need not be present."); *Selwyn v. State*, 903 So. 2d 361, 363 (Fla. 2d DCA 2005) (stating that striking court costs is a ministerial function which does not require a defendant's presence).

The trial court also imposed a $65 cost under section 939.185(1)(a), Florida Statutes (2023). Appellant argues that the cost "should be vacated," but provides no explanation for his claim. The State responds by asserting "there was nothing improper about the imposition of the $65 cost." We agree.

Section 939.185(1)(a) provides "[t]he board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65 to be

imposed by the court when a person . . . is found guilty of . . . any felony." Further, section 939.185(2) provides the "court *shall* order a person to pay the additional court cost." (emphasis added). Also, section 10-3 of the Broward County Code of Ordinances, ch. 10, art.1, provides in relevant part: "[i]n accordance with the authority granted by Section 939.185, Florida Statutes, an additional court cost of sixty-five dollars ($65.00) *shall* be imposed by the court upon every person who . . . is found guilty of . . . any felony." (emphasis added). The trial court need not orally pronounce that cost at sentencing. *Shaw*, 418 So. 3d at 186. Accordingly, the $65 county ordinance cost was mandatory and properly imposed.

### Mandatory Minimum Sentence

Appellant argues his 25-year mandatory minimum for sexual battery should be vacated. The State correctly concedes error on this issue as well.

The sexual battery conviction is punishable by a mandatory life sentence without the possibility of parole. § 775.082(1)(a), Fla. Stat. (2015). Here, the trial court orally pronounced Appellant's sentence as life in prison for count one (sexual battery) and 25 years on counts two and three (lewd and lascivious molestation). However, the written sentencing document noted that "the court further orders Counts 1+2 min/mand of 25 years." (emphasis added). We can only surmise that the trial court meant to write "Counts 2+3" because lewd and lascivious molestation has a 25-year mandatory minimum. § 775.082(3)(a)4.a., Fla. Stat. (2015). Further, the court orally sentenced Appellant to life, not 25 years, for count one (sexual battery). Therefore, we reverse and remand for the trial court to strike the mandatory minimum for sexual battery. *See Flores v. State*, 58 So. 3d 437, 438 (Fla. 4th DCA 2011) (Mem). Appellant need not be present for the trial court to make this correction. *See id.* ("Resentencing is not required [to strike an improper mandatory minimum], and appellant need not be present for this ministerial sentence correction.").

We affirm without comment on all other issues raised, including Appellant's claim he was entitled to a twelve-person jury. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *cert. denied*, 144 S. Ct. 2595 (2024).

*Affirmed in part, reversed in part and remanded.*

SHAW and LOTT, JJ., concur.

*     *     *

*Not final until disposition of timely-filed motion for rehearing.*