PARKER, Acting Chief Judge.
Michael Benning filed a notice of appeal of his judgment and sentence for aggravated battery, and the parties filed briefs pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although the parties agree that no meritorious grounds exist on appeal, this court’s independent review of the record reveals that Benning was sentenced pursuant to guidelines which have since been declared unconstitutional. Because Ben-ning’s sentence is potentially fundamental error, we remand for reconsideration of sentence.[1]
The offense in this case was committed on December 15, 1996. The court sentenced Benning pursuant to the 1995 sentencing guidelines as amended by chapter 95-184, Laws of Florida, to ninety-five months’ imprisonment. However, the Florida Supreme Court has recently held chapter 95-184 unconstitutional as a violation of the single subject provision of article III, section 6, of the Florida Constitution. See Heggs v. State, 759 So.2d 620 *479 (Fla.2000). Because Benning committed the offense within the applicable window period, he is entitled to reconsideration of sentence. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA2000).
Remanded for reconsideration of sentence.
WHATLEY, J„ and SEALS, JAMES H., Associate Judge, Concur.

. While the discovery of any potential issue usually requires an appellate court to issue an order which either appoints new counsel or allows present counsel to file a supplemental brief, see Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), in this case such an order would serve no purpose as the error is evident from the record.