PER CURIAM.
 

 Richard Lee Smith, Appellant, appeals his judgment and sentence for eleven counts of grand theft from the State of Florida of more than $300 but less than $5,000, and for one count of failing to file six consecutive tax returns. Smith was required to pay restitution as a result of this judgment. Smith’s appellate counsel
 
 *472
 
 filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm Smith’s judgment and sentence without discussion but reverse the trial court’s restitution order and remand for further proceedings.
 
 [1]
 

 The trial court’s judgment and sentence was rendered on October 16, 2009. The trial court reserved ruling on the amount of restitution pending a hearing. On October 30, 2009, before a restitution hearing was held, Smith filed a notice of appeal with this Court. In January 2010, the trial court held a restitution hearing and entered a restitution order in connection with this hearing.
 

 Our independent review of the record reveals that the trial court did not have jurisdiction to enter the restitution order because it was rendered months after Smith filed his notice of appeal.
 
 Fuller v. State,
 
 786 So.2d 1269, 1269 (Fla. 2d DCA 2001) (in an
 
 Anders
 
 appeal, holding that the trial court lacked jurisdiction to enter two restitution orders because the orders “were rendered after [the defendant] had filed her notice of appeal”);
 
 Frazier v. State,
 
 748 So.2d 1104, 1104 (Fla. 1st DCA 2000) (reaching this same conclusion, also in an
 
 Anders
 
 case, with respect to one restitution order);
 
 see also Pearson v. State,
 
 686 So.2d 721, 721 (Fla. 2d DCA 1997) (explaining that this principle applies even if “the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount”). Accordingly, we strike the restitution order and remand for the trial court to conduct a new restitution hearing and to enter a new restitution order.
 

 AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
 

 WEBSTER, LEWIS, and ROBERTS, JJ., concur.
 

 [1]
 

 . Although the discovery of any potential issue following
 
 Anders
 
 briefing "usually requires an appellate court to issue an order which either appoints new counsel or allows present counsel to file a supplemental brief,” such an order is not required when it “would serve no purpose” because “the error is evident from the record.”
 
 Benning v. State,
 
 768 So.2d 478, 478 n. 1 (Fla. 2d DCA 2000).