PER CURIAM.
In this Anders [1] appeal, we affirm the appellant’s judgment. However, we vacate the amended or “re-recorded” sentence entered on February 28, 2011, which added minimum mandatory sentences, as the notice of appeal had been filed at the time, thus depriving the trial court of jurisdiction to amend the sentence. See Lauderdale v. State, 968 So.2d 626 (Fla. 2d DCA 2007) (holding that the trial court lacked jurisdiction to amend sentencing documents by adding dangerous sexual felony offender designation and adding to two concurrent sentences of life imprisonment and a 25-year mandatory minimum term, as amendments were made after notice of appeal had been filed and appeal was pending); Smith v. State, 39 So.3d 471, 471 n. 1 (Fla. 1st DCA 2010) (noting that although the discovery of any potential issue following Anders briefing usually requires an appellate court to issue an order which either appoints new counsel or allows present counsel to file a supplemental brief, such an order is not required when it would serve no purpose because the error is evident from the record). We express no opinion at this time as to whether the trial court will have the authority to reimpose the minimum mandatory sentences.
AFFIRMED in part, VACATED in part, and REMANDED.
DAVIS, VAN NORTWICK, and CLARK, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).