ORFINGER, J.
Jacob C. Kleintank appeals his sentence following no contest pleas to burglary of a structure with a battery, attempted robbery With a deadly weapon, and two counts of aggravated battery with a deadly weapon. We affirm without comment, except as to two matters. As a condition of pro-, bation following Kleintank’s release from prison, the trial court required Kleintank to pay the cost of his incarceration. The State properly concedes that pursuant to section 960.292, Florida Statutes (2014), the proper remedy is a civil restitution lien. On remand, the trial court shall strike this as a condition of probation, but may enter a civil restitution .lien as authorized by. statute.- See Harrin v. State, 157 So.3d 845, 346 n. 1 (Fla. 5th DCA 2015). The State also concedes that the trial court erred by entering a restitution order when it did not have jurisdiction to do so. Once a notice of appeal has been filed, the trial court lacks jurisdiction to enter a restitution order. See Farley v. State, 55 So.3d 721, 721-22 (Fla. 5th DCA 2011). Accordingly, we strike the restitution order. On remand,' the trial court may conduct a restitution hearing with Kleintank present. See Williams v. State, 76 So.3d 410 (Fla. 1st DCA 2012) (holding defendant has constitutional right to be present at restitution hearing unless defendant knowingly, intelligently, and voluntarily waives that right).
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER, J., and TURNER, T.W., Associate Judge, concur.