DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IRVINE HICKS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-717

[September 6, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 14002511 CF10A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Irvine Hicks appeals his judgment of conviction and sentence for possession of a firearm by a convicted felon. We affirm appellant's conviction on all issues raised in this appeal, but we reverse the 10-year mandatory minimum portion of the sentence imposed, because, as the state concedes, the trier-of-fact did not make an express finding that appellant had actual possession of a firearm. *See Banks v. State,* 949 So. 2d 353, 355 (Fla. 4th DCA 2007).

Appellant was initially sentenced to a 10-year mandatory minimum sentence, pursuant to Florida's 10/20/Life statute. He moved for a new trial or, alternatively, reconsideration of the mandatory minimum sentence, arguing that the state had failed to show actual possession. After the trial court denied appellant's motion, appellant filed a notice of appeal. About two months later, during the pendency of the appeal, the trial court recalled the case and, upon the state's concession that the mandatory minimum provision should be stricken, removed the mandatory minimum term from appellant's sentence and resentenced

appellant to ten years "straight time." However, because appellant had already filed his notice of appeal, the trial court lacked jurisdiction to modify the sentence. *See Tramel v. State*, 68 So. 3d 340, 340 (Fla. 1st DCA 2011). Thus, the court's order removing the mandatory minimum term was without legal effect.

The next issue we must decide is whether resentencing is required. We recognize that remanding for a trial court to strike the mandatory minimum portion of a sentence is often a "ministerial sentence correction" for which resentencing is not required. *See, e.g., Flores v. State*, 58 So. 3d 437, 438 (Fla. 4th DCA 2011). Nonetheless, a reversal of a mandatory minimum sentence will sometimes require the appellate court to remand for resentencing under the Criminal Punishment Code. *See, e.g., Bundrage v. State*, 814 So. 2d 1133, 1135 (Fla. 2d DCA 2002). Thus, the issue of whether resentencing is required following a reversal of a mandatory minimum term is a fact-specific inquiry that depends on the circumstances of each case.

Here, we decline to follow the state's suggestion to direct the trial court on remand to simply strike the minimum mandatory portion of the sentence and leave the straight 10-year sentence intact. This, according to the state, would be consistent with the original sentencing judge's intention. Notably, however, the original sentencing judge lacked jurisdiction at the time of the resentencing, this judge is no longer on the bench, and appellant's Criminal Punishment Code scoresheet reflects a lowest permissible sentence well below ten years' imprisonment. Under these circumstances, a successor judge should review the case and independently decide an appropriate sentence for appellant. We therefore reverse appellant's sentence and remand for the trial court to strike the 10-year mandatory minimum term and conduct a full resentencing hearing with appellant present.

*Affirmed in part, Reversed in part and Remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***