DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHAD E. CARTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2485

[June 13, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562001CF003713A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from the second and third of three sentencing orders which the circuit court issued following the defendant's violation of probation on count three. We affirm the second order without prejudice, and reverse the third order because the circuit court lacked jurisdiction.

On July 20, 2017, the circuit court entered the first order, sentencing the defendant on count three to seventy-two months' imprisonment with credit for 790 days served.

On August 1, 2017, the circuit court entered the second order, increasing the defendant's sentence on count three to eighty-four months' imprisonment with credit for 790 days served. The defendant, without filing a Florida Rule of Criminal Procedure 3.800 motion to correct sentencing error or otherwise objecting to the trial court, filed a notice of appeal with this court on the following day, to argue that the second order violated double jeopardy.

On August 31, 2017, while the defendant's appeal of the second order was pending, the circuit court entered a third order returning the defendant's sentence on count three to seventy-two months' imprisonment, but reducing the credit from 790 to 471 days served.

The defendant's initial brief followed.

The defendant argues the circuit court erred in entering the second order, because the second order violated double jeopardy. *See State v. Akins*, 69 So. 3d 261, 269 (Fla. 2011) ("[O]nce a sentence has been imposed, the sentencing hearing has ended, and the defendant has begun to serve his sentence, the sentence may not thereafter be made more onerous, such as by extending the term of imprisonment.").

The defendant argues the circuit court erred in entering the third order for two reasons: (1) the defendant's notice of appeal of the second order divested the circuit court of jurisdiction to enter the third order, *see Hicks v. State*, 227 So. 3d 135, 136 (Fla. 4th DCA 2017) ("[B]ecause appellant had already filed his notice of appeal, the trial court lacked jurisdiction to modify the sentence."); and (2) on the merits, "a trial court may not rescind jail credit that was previously awarded, even if the initial award was improper, because such an action violates double jeopardy." *Stang v. State*, 24 So. 3d 566, 570 (Fla. 2d DCA 2009).

As to the second order, we are compelled to affirm because the defendant did not preserve the alleged error by bringing the alleged error to the circuit court's attention by objecting at the time of sentencing or by filing a rule 3.800 motion to correct sentencing error. *See* Fla. R. App. P. 9.140(e) ("A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)."); *Hobgood v. State*, 166 So. 3d 840, 845 (Fla. 4th DCA 2015) ("A defendant must preserve a sentencing error by objecting at the time of sentencing or in a motion under Florida Rule of Criminal Procedure 3.800(b).") (citation and quotation marks omitted). Our affirmance is without prejudice for the defendant to file with the circuit court a rule 3.800 or rule 3.850 motion directed to the second order. *See, e.g., Martinez v. State*, 211 So. 3d 989, 992 (Fla. 2017) ("[A] sentence that has been unconstitutionally enhanced in violation of the double jeopardy clause is illegal and, therefore, may be corrected under rule 3.800(a).").

As to the third order, we agree with the defendant that because the defendant's appeal of the second order divested the circuit court of jurisdiction to enter the third order, we must reverse the third order. We

therefore do not reach the merits of the defendant's argument that the third order violates double jeopardy.

*Affirmed in part without prejudice; reversed in part.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**