Bilbrey, J., concurring.
I fully concur in granting clarification but not rehearing. Had I been on the initial panel in the case, I might have decided differently. The original majority and dissenting opinions both raise good points and I agree that this is a close call. But I believe my predecessor's opinion in this case is entitled to deference, and since I do not perceive the decision to reverse as a "substantial departure from established law," I do not think rehearing is appropriate. See Gretna Racing, LLC v. Dep't of Bus. and Prof'l Reg. , 178 So.3d 15, 31 n. 10 (Fla. 1st DCA 2015) (on motion for rehearing) (Bilbrey, J., concurring). Clarification is appropriate, however, because the original opinion would have reversed without providing either a possible remedy for Appellee to be compensated for his actual losses, including attorney's fees, if a finding of civil contempt was contemplated by the trial court, or an opportunity by the trial court to punish Appellant for her outrageous conduct if a finding of criminal contempt was intended.