# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-2643
LT Case No. 2021-CF-000099-A

———————————————

ROBERT A. SCHWEICKERT, JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Citrus County.
Richard A. Howard, Judge.

Robert A. Schweickert, Jr., Raiford, pro se.

Ashley Moody, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.

April 12, 2024

HARRIS, J.

    Appellant, Robert A. Schweickert, Jr., appeals the trial court's restitution order, arguing the court did not have jurisdiction to hold a restitution hearing and order restitution while his appeal was pending. We agree, strike the restitution order and remand for the trial court to conduct another hearing.

The State charged Appellant with four counts of aggravated animal cruelty and twenty-three counts of cruelty to animals. Appellant rejected the State's plea offer but accepted the trial court's disposition of a four-year cap on incarceration in exchange for a no contest plea. The State noted at the plea hearing it would be seeking $128,090.54 in restitution. Appellant requested a hearing on the restitution amount. On July 12, 2022, the court sentenced Appellant to four years in the Department of Corrections on the four counts of aggravated animal cruelty and reserved on the restitution amount.

Appellant appealed his judgment and sentence, and on October 4, 2022, while his appeal was pending, the court conducted a restitution hearing, during which Appellant stipulated to the original judgment amount from his civil case ($128,090.54) as the amount of restitution in his criminal case.

On appeal, Appellant argues the restitution order should be vacated because the trial court was without jurisdiction to conduct the hearing and enter the order. Once a notice of appeal has been filed, a trial court lacks jurisdiction to hold a restitution hearing or enter an order of restitution, even if it reserves jurisdiction only as to the amount. *See Kleintank v. State*, 178 So. 3d 15 (Fla. 5th DCA 2015); *Pearson v. State*, 686 So. 2d 721, 721 (Fla. 2d DCA 1997). The State properly concedes that the court lacked jurisdiction at the time it held the hearing and entered the restitution order.

Accordingly, we strike the restitution order and remand for the trial court to conduct another restitution hearing and again impose restitution. *See Kleintank*, 178 So. 3d at 15; *Smith v. State*, 39 So. 3d 471, 472 (Fla. 1st DCA 2010).

Restitution Order STRICKEN and REMANDED.

JAY and PRATT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____